64  513
27ap630

LEWIS D. BROWNING, RESPONDENT, *v.* THE NEW YORK, LAKE ERIE AND WESTERN RAILROAD COMPANY, APPELLANT.

*Costs — where a complaint sets forth separately several causes of action — what constitutes a " recovery " by the defendant.*

A complaint set forth separately two causes of action.

The first alleged that a railroad corporation negligently burned a division fence, which was the property of Lewis D. Browning, and that this resulted in the destruction of certain cattle belonging to Browning.

The second cause of action alleged that a fence was burned which the corporation was bound to maintain, and that certain of plaintiff's cows escaped upon the railroad tracks and were killed.

Issue was joined upon each cause of action.

As to the first cause of action the court instructed the jury to find a verdict for the defendant.

Upon the second cause of action the plaintiff recovered the value of the cows.

*Held*, that, under section 3234 of the Code of Civil Procedure, each party had "recovered" and was entitled to costs as against the other.

APPEAL by the defendant, the New York, Lake Erie and Western Railroad Company, from an order of the Supreme Court, entered in the office of the clerk of the county of Allegany on the 6th day of January, 1892, denying defendant's motion for a retaxation of costs.

*James H. Stevens, Jr.,* for the appellant.

*V. A. Willard,* for the respondent.

PER CURIAM.:

This appeal must be governed by the decision of this court, made in the case of *Burns* v. *Delaware, Lackawanna and Western Railroad Company* (42 St. Rep., 171), where it was stated, in the opinion of Mr. Justice MACOMBER, that the meaning of the word "recovers," used in this section, clearly contemplates a decision upon a question of fact, which, if allowed to remain unreversed, is conclusive upon the parties in respect to the issues there presented.

In the case now before us, three causes of action were stated in the complaint, each one of which was controverted in the answer. The first cause of action consisted of the allegation that the defendant so carelessly and negligently managed its locomotives and cars as to set fire to a division fence, owned by the plaintiff, between two of plaintiff's lots of land adjacent to the railroad; that by reason thereof seven head of cattle of the value of $170 were destroyed, for which a recovery was sought.

The second cause of action was that, at a time stated, two cows of the plaintiff of the value of twenty-five dollars each, escaped from the plaintiff's lands, through a defective fence which it was the duty of the defendant to maintain, and entered upon the lands and railroad of the defendant, and were run over and killed by the defendant's locomotive. The third cause of action is unimportant to the consideration of any question arising upon this appeal.

The learned justice, at the trial, ruled that he should instruct the jury, which he accordingly did, that upon the first cause of action the jury should render a verdict for the defendant, upon the ground, as appears from the moving affidavits, which are not contradicted, that, by an ancient deed of the lands pertaining to the first cause of action, there was a covenant which ran with the lands, which required the owner of the adjacent property to maintain fences, and for that reason no recovery could be had against this defendant.

It will thus be seen that the defendant succeeded, upon a question of fact against the plaintiff, upon the first cause of action. Upon the second cause of action the jury rendered a verdict for the value of the two cows, namely, fifty dollars and interest from the time of the killing.

Under these circumstances, inasmuch as the causes of action were separately stated and issues of fact were taken upon each of them,

and a decision in favor of the defendant upon the first cause of action and in favor of the plaintiff upon the second cause of action was rendered, all the provisions for correlative bills of costs contained in the section above mentioned must be applied; for, in regard to each of such causes of action, there was a decision by a proper tribunal of a question of fact, which, as long as it remained unreversed, was conclusive upon the parties to this action.

It is clear, therefore, that the plaintiff had a "recovery" upon the second cause of action, and it is equally clear that the defendant had a "recovery" upon the first cause of action.

This, it seems to us, is the precise case contemplated by this provision of the Code; and it follows that the order appealed from should be reversed and the bill of costs of the defendant, arising upon the first cause of action, should be taxed in defendant's favor.

Present — DWIGHT, P. J.; MACOMBER and LEWIS, JJ.

Order appealed from reversed, with ten dollars costs and disbursements, and the defendant's motion granted, with ten dollars costs.