CHARLES E. BURNS, RESPONDENT, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, APPELLANT.

*Costs — in order to entitle the defendant to costs he must succeed upon an issue of fact — a nonsuit does not carry costs — Code of Civil Procedure, sec. 3234.*

The complaint in an action stated separately three causes of action, and issue was joined as to each.   Upon the trial the defendant moved for a nonsuit as to the second and third causes of action, which motions were granted.

Upon the first cause of action the plaintiff had a verdict for more than fifty dollars.

*Held,* that, under section 3234 of the Code of Civil Procedure, the plaintiff was entitled to costs, and that the defendant was not entitled to any.

That, in order to entitle a defendant to costs there must have been a decision in his favor upon an issue of fact; which decision, unless reversed, would prevent the plaintiff from suing again for the same cause of action.

APPEAL by the defendant, the Delaware, Lackawanna and Western Railroad Company, from an order made at the Monroe Special Term, and entered in the clerk's office of Livingston county on the 5th day of August, 1891, denying the defendant's motion for a retaxation of the plaintiff's costs, and to tax costs on the part of the defendant.

*Charles J. Bissell,* for the appellant.

*E. A. Nash,* for the respondent.

MACOMBER, J.:

This appeal involves the application, in respect to costs, of section 3234 of the Code of Civil Procedure, where, under certain conditions, each party is entitled to costs against his adversary.

Three causes of action are stated in the complaint. The first is, that the defendant, in disregard of its duties as a common carrier, neglected to transport from Leicester, Livingston county, New York, to Cincinnati, in the State of Ohio, ninety-three barrels of pears, which were delivered to it on the 26th day of September, 1887.

The second cause of action is, that the defendant received from the plaintiff, on the 16th day of September, 1887, 169 barrels of pears under a contract to deliver them at Pittsburg, in the State of Pennsylvania, and in neglect of its duties as a common carrier failed to transport this property to its place of destination.

The third cause of action is, that on the 3d day of November, 1887, the defendant received from the plaintiff, at the same place, for transportation to Quincy, Illinois, forty-seven barrels of apples, but through neglect of duty, as aforesaid, failed to deliver them.

Judgment was prayed for the aggregate amount of the damages stated for the three causes of action, namely, $516.10, with interest upon the several items. The answer of the defendant put in issue all of the allegations of the complaint, except the incorporation of the defendant and the fact of its receipt of the fruit mentioned, and alleges affirmatively that its duties ceased when such property had been transported by it to East Buffalo, New York. At the trial an effort was made in behalf of the plaintiff to prove each of the causes of action. A motion for a nonsuit in respect to the third cause of action was made by the defendant at the close of the plaintiff's case and granted. Upon a like motion, at the close of all the evidence in the case, the court granted a nonsuit in respect to the second cause of action. The issue relating to the first cause of action was, upon the evidence, submitted to the jury, and a verdict rendered by it sufficient to carry costs to the plaintiff, if such claim had been the only cause of action stated in the complaint.

The attorneys for the respective parties appeared before the county clerk on May 11, 1891, and each presented a bill of costs for taxation, and each objected to the bill of costs made by the other side. A special objection was made by the defendant to an item of

thirty dollars for taking the depositions of three witnesses in Pittsburg, together with an item of fourteen dollars and fifty cents for commissioner's fees in taking such depositions, upon the ground that such expenditures were made in the case of the alleged failure to deliver the property at Pittsburg, under which count the plaintiff had been nonsuited. The clerk taxed the costs in accordance with the contention made by the plaintiff; and on review of it at Special Term such taxation was affirmed; and from the order allowing such costs to the plaintiff, and refusing to allow any costs to the defendant, this appeal is taken.

It is quite true that the language of the section is plain and unambiguous, as was stated by the court in *Newell Universal Mill Company* v. *Muxlow* (115 N. Y., 173); yet not a little difficulty has been encountered by the courts in applying its plain provisions to the great variety of cases which have arisen since its enactment. Certain things are stated as conditions precedent to the allowance of correlative bills of costs, and they are, first, that the causes of action, if two or more of them are contained in the complaint, shall be set forth separately, and that an issue of fact should be joined in each of them. These conditions existed in the present case; for there are three causes of action set forth in the complaint, separately stated, upon each of which an issue of fact was joined by the answer. The plaintiff recovered upon one issue only, and the defendant obtained a nonsuit in respect to the other two causes of action.

But there is another condition for the allowance to the defendant of costs under this section, and that is, that he shall "recover" upon one or more of the causes of action set forth in the complaint. Upon this subject it would not be conducive to a clear understanding of the case to cite any authority where all of the conditions above-mentioned did not substantially exist. In the case of *Fisher* v. *Dougherty* (42 Hun, 166), the point seems to have been distinctly held that where a nonsuit was granted in respect to certain counts contained in the complaint, and where no finding of fact was made either by the jury or by the court thereon, and there was a recovery had by the plaintiff upon other counts, there could not be taxed, in behalf of the defendant, costs in respect to the counts upon which a nonsuit had been granted. (See, also, *Cooper* v. *Jolly*, 30 Hun, 224.) Under these two authorities, the case of *Blashfield* v. *Blash-*

*field* (41 Hun, 249), where the question is differently presented,. cannot prevail. The meaning of the word "recover" used in this. section clearly contemplates a decision upon a question of fact, which if allowed to remain unreversed, is conclusive upon the parties in. respect to the issue there presented. In this case there has been. no finding upon a question of fact which would preclude the plaintiff, upon certain terms, to bring, as a matter of right, another action to recover damages upon the second and third causes of action stated in his complaint. Had there been a verdict in respect. thereto, whether directed by the court or rendered by the jury, there would, in our judgment, be presented an entirely different question. Then a condition of things would have been brought about whereby, unless such decision was reversed, it would be impossible for the plaintiff again to present for trial the issues there made.

The learned counsel for the appellant has made an ingenious argument to the effect that this could not make any difference with the rule, because, in all probability, if he had made a motion for a direction of a verdict, instead of a motion for a nonsuit, it would have been granted. We do not so understand the case. There is nothing contained in the record before us which would show that it would have been proper or likely that the court would have granted a direction of a verdict. The decision made at the instance of the defendant's counsel, in respect to the second and third causes of action, was simply that there was, at present, insufficient evidence to submit that question of fact to the jury. We have no right to assume that the learned justice at the circuit would have directed a verdict, any more than we would have a right to assume that the jury itself would have rendered a verdict for the defendant upon these two issues. It is only upon a decision in favor of the defendant, upon an issue of fact, that he is entitled to recover costs under this section. This is *conditio sine qua non.*

We think, therefore, that the order appealed from was in accordance with the authorities and should be affirmed.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from affirmed, with ten dollars costs and disbursements.