HATCH, J.
Plaintiff is the sister of Francis Farley, deceased. Prior to his death, and on September 28, 1891, she procured Farley's life to be insured for her benefit, with defendant. Subsequently, and on the 18th day of April, 1893, she applied for a further insurance upon Farley’s life. The application was accepted; the policy issued, and delivered June 19, 1893. Plaintiff has paid premiums upon both policies, as required by defendant, since their issuance. By the terms of the policy, the insured was required to be in sound health at the time of delivery, else it would not take effect. There was no claim that any defect existed in the first policy. As to the second, it appeared that Farley was-not in sound health when the policy was delivered; and the, court, upon the trial, dismissed the complaint as to it, but held that plaintiff was entitled to recover the premiums paid, thereon. Farley died July 22, 1893. The proof upon the part of plaintiff tended to establish that, shortly after his death, plaintiff procured a blank upon which to fill out proofs of loss,-and that an agent of defendant took the same, together with the policies and papers, promising to fill out and present the same to defendant. By the| terms of the policy, no suit could be commenced against the com-¡ pany before the lapse of ten days after filing, in the home office, of the company, proofs of death upon the forms furnished by it; nor can an action be maintained against the defendant after six months from the date of death of the insured. The action was not begun within this time. But plaintiff gave evidence tending, to establish that defendant retained the proofs of loss and her-other papers until after the six months had expired, before they returned them to her or rejected her claim. Defendant denied this,, claiming that it had rejected the claim, notified plaintiff of its re-; jection, and returned her papers within the six months. Upon' this testimony, the court submitted this question to the jury, whether defendant retained possession of the papers as claimed by’ plaintiff, and, if so, did such act upon their part amount to a. waiver of this provision of the policy, charging that both facts' must be found in plaintiff’s favor before she was entitled to recover. The evidence warranted the submission, and the form of it was unexceptionable. The jury found in favor of plaintiff, and, unless some error occurred upon the trial, the judgment appealed from must be affirmed.
*741 It is claimed that the testimony of Siegrist, defendant’s agent» is uncontradicted that he notified plaintiff of the rejection of the claim by the company as early as August 17, 1893. It this be ■true, it does not work the result claimed by defendant. It still ■retained possession of her policy and papers. It might well be that they rejected the claim, but it would not follow from that, as a conclusive proposition, that it intended to insist upon its short statute of limitations. .Plaintiff was in no position to bring her action until she was possessed of the policy and papers. They were essential in order to prepare-her complaint. It would be most reprehensible for defendant to withhold her papers, the evidence of her right to prosecute an action, and then insist that she had notice of the rejection of the claim, and was absolutely concluded thereby unless she acted before the end of the six months. Good faith required that her papers be returned as soon as defendant acted thereon. Eetaining the policies after this event, and then insisting upon this short statute of limitations, ought not to receive favor at the hands of the court It had too much the earmarks of an intention to create a condition where the limitation may be availed of. Siegrist was the active agent of the defendant in this transaction, and consequently an interested witness. His credibility was the subject of scrutiny by the jury. Joy v. Diefendorf, 130 N.Y. 6; 40 St. Rep. 491. Besides, his testimony was contradicted in other essential respects, and the jury would have the right to reject his evidence entirely. The action was for ■ the n)oney due upon the policies, and demanded a money judgment. The proof showed that no contract had ever existed as to the second policy, that premiums had been paid thereon, and their amount, which was retained by the defendant The transaction was set out in the complaint, and it was clearly unconscionable for defendant to retain these moneys, under the circumstances proved. It was in no sense misled, and, if it were essential, the complaint could now be deemed amended to sustain the recovery in this regard. As there was no recovery by defendant upon the second cause of action stated in the complaint, it was not entitled to costs. Cooper v. Jolly, 30 Hun, 224; Burns v. D., L. & W. Railroad Co., 135 N. Y. 268; 48 St. Rep. 106.
It is insisted that the court committed an error in permitting plaintiff to introduce the policy., over defendant’s objection, without also introducing the application, which, by the policy, was made a part of the same. In support of this contention, defendant relies upon the case of Insurance Co. v. Storrs, 97 Pa. St. 354. The ruling in that case supports the contention. But the doctrine is without application to the present case, if it be regarded as the rule, which is doubtful in this state. The complaint alleged a cause of action upon the policy, and that alone, as constituting the contract between the parties. The defendant did not demur to the complaint, or otherwise indicate that plaintiff had not stated a good cause of action. By its answer, it admitted, by not denying, the issuance of the policy. And, for a separate defense, is alleged that the application constituted a part of the contract, and specifically alleged a breach of the warranties therein contained. This plead *742 ing, therefore, raised as the issue the breach of warranty. It was an affirmative defense, and defendant was bound to establish it to the satisfaction of the jury. Spencer v. Citizens’ Mut. L. Ins. Association, 142 N. Y. 505; 60 St. Rep. 96. Under the issues, as framed by the parties, plaintiff was not required to do more1 than she did to establish her cause of action. Insurance Co. v. Sheppard, 85 Ga. 751.
It therefore follows that no error was committed in this regard, and the judgment and orders appealed from should be affirmed, with costs.
All concur..