(7 App. Div. 380)

MOOSBRUGGER v. KAUFMAN et al. (fifteen cases).

(Supreme Court, Appellate Division, Fourth Department. June 17, 1896.)

COSTS—RIGHT TO—SUCCESSFUL PARTY.

   A defendant who merely defeats a recovery on one of several causes of action alleged in the complaint does not "recover," so as to entitle him to costs, under Code Civ. Proc. § 3234, providing that where issues of fact are joined on several causes of action alleged in a complaint, "if the plaintiff recovers upon one or more of the issues, and defendant upon the other or others, each party is entitled to costs against the adverse party." Follett and Green, JJ., dissenting.

   Appeal from special term, Monroe county.

   Action by Angela E. Moosbrugger against August Kaufman and others, and 14 other actions by the same plaintiff against different defendants. From an order striking out $95 costs taxed in favor of plaintiff, and taxing $75 in favor of defendant, in each case, plaintiff appeals. Modified.

In July, 1891, the Pleasant Valley Vintage Company was incorporated, pursuant to chapter 567 of the Laws of 1890 (the Business Corporations Law), with a capital stock of $12,000, divided into 120 shares of $100 each; and in March, 1892, the capital stock was increased by $23,000, making it $35,000, divided into 350 shares of $100 each. This defendant subscribed for and held 7 shares of stock, and the other 14 defendants were shareholders for various sums. The last paragraph of section 7, c. 567, Laws 1890, provided: "If any corporation formed under this chapter is not or does not become a full liability corporation, the stockholders of the corporation shall be severally individually liable to its creditors to an amount equal to the amount of stock

held by them respectively for all debts and contracts made by the corporation until the whole amount of its capital stock has been paid in, and until a certificate thereof has been made and filed as hereinbefore required." The certificate of payment was required to be filed in the offices where the certificate under which the corporation was incorporated was filed. In September, 1892, the corporation became insolvent, and an action was begun for its voluntary dissolution; and January 10, 1893, a judgment was entered dissolving the corporation because of its insolvency. In March, 1893, this and 14 other actions were brought against stockholders by this plaintiff, as assignee of nine causes of action, to enforce the liability of the defendants under the section above quoted. The nine causes of action were set out in every one of the complaints, which were alike, except the names of the defendants. As a defense to the second cause of action, it was alleged in the answers that the plaintiff's assignor of that cause of action was, and still is, a stockholder of the corporation. The actions were referred to a referee to hear and determine, before whom they were tried; and March 26, 1895, he made his reports, by which he found that the capital stock of the corporation had not been paid in, and that no certificate of payment had been made, filed, or recorded, as required by the seventh section above quoted. He also found that, at the time the indebtedness of the corporation set out in the second cause of action was contracted, James O. Sebring, the creditor and assignor of that cause of action, was a stockholder of the corporation, owning two shares of its stock, and decided that the plaintiff could not recover on the second cause of action. The referee ordered judgments in favor of the plaintiff and against every one of the defendants in the 15 actions for $399.08 damages, with costs. The plaintiff presented to the clerk of Steuben county a bill of costs in the several actions for $80 attorney's fees, $15 referee's fees, and other disbursements. The attorneys for the defendants presented bills of costs for $75 attorney's fees in the several actions. The attorneys for the litigants appeared before the county clerk, contested the allowance of their adversaries' bills, and insisted that their own bills should be taxed. The clerk taxed and allowed the plaintiff's bills as presented, but refused to tax the defendants' bills. · April 10, 1895, judgments were entered in eight of the actions for the damages awarded and costs taxed, which were set aside April 15, 1895. Judgments in the seven other actions have not been entered. Afterwards the defendants moved at special term for an order directing the clerk to strike out the sum of $90 taxed for attorney's fees and referee's fees in favor of the plaintiff in the several actions, and that he be required to tax in favor of the defendants $75 attorney's fees in the actions. When the motion was heard, several affidavits were read, and the plaintiff's bill of costs in each action, with two affidavits of her attorney, and a bill of costs of each defendant, with an affidavit of the defendant's attorney, and notice of adjustment, and the complaint, answer, and referee's report in each action, were read, and the plaintiff's objection in each action, dated April 9, 1895, to the taxation of the defendant's bill of costs, and an affidavit of plaintiff's attorney made the 9th of April, 1895, accompanying the objections in each action, and defendant's objection in each action to the taxation of the plaintiff's bill of costs dated April 10, 1895, and the affidavit of the attorney of the defendants read in support of the motion, and an affidavit of the plaintiff's attorney, verified May 22, 1895, were read in opposition; and the court granted an order containing the following language: "Ordered, that the said item of eighty dollars, and also the said item of fifteen dollars, taxed by the clerk in each of said actions, be, and the same hereby is, disallowed. And it is further ordered that the costs of the defendant in each action, as presented to the clerk, to wit, seventy-five dollars, be, and the same hereby is, allowed. And it is further ordered that the plaintiff pay to the defendant Fleckenstein, or his attorneys, ten dollars costs of this motion." On January 16, 1896, the plaintiff took an appeal from the order to this court. Plaintiff served a bill of costs in each action, with two affidavits, with a notice indorsed thereon that the same was to be adjusted by the clerk of Steuben county on the 10th of April, 1895. The defendant in each action served a bill of costs, to which was appended an affidavit, and a notice that the same would be adjusted by the clerk. An appearance was

had before the clerk, and the defendants' counsel presented a bill of costs of the defendant in each action, and plaintiff filed objections and an affidavit in each action; and the plaintiff's bill of costs was presented, and an affidavit in support thereof, and the complaint, answer, and referee's report. The bill of costs and affidavits were substantially the same in all actions, except as to the name of the defendant. Defendant then presented objections and an affidavit in opposition to the taxation of the plaintiff's costs, which were alike in all of the said actions, except the name of the defendant. The clerk then, at the request of the counsel for the plaintiff, reserved his decision, in order to permit the counsel to present a brief in opposition to the authorities which were then presented by the defendants' counsel. The defendants' counsel was advised on the 23d of April, 1895, that the clerk "taxed costs in favor of plaintiff in each action as presented, except that he disallowed the item of six dollars and eighty-four cents in all but one bill of costs, and disallowed the item of one dollar trial fee in each bill of costs. He also refused to tax any costs in favor of any defendant."

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

James O. Sebring, for appellant.
George F. Youman, for respondents.

HARDIN, P. J. It is contended by the learned counsel for the respondents that the defendant in each action is entitled to tax a bill of costs against the plaintiff, and in support of that contention he calls attention to section 3234 of the Code. That section provides that:

"In an action specified in section three thousand two hundred and twenty-eight of this act, wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party. * * *"

The complaint in this action set forth nine causes of action, which apparently are such as are enumerated in subdivision 4, § 3228, Code Civ. Proc. However, upon the trial evidence was given by the plaintiff as to only three of these, and as to one of the three a defense had been set up to the effect that as to that cause of action the plaintiff's assignor was a stockholder. That claim was for services rendered by Sebring, an attorney, and the referee finds:

"That, at the time the indebtedness of the said company to said Sebring for said services was contracted and incurred, the said Sebring was a stockholder in said company, owning two shares of its capital stock."

It is also found that he assigned his claim to the plaintiff. As a matter of law, the referee held, viz.:

"That the plaintiff's assignor of the claim for services rendered for said company by said Sebring, being a stockholder of said company, as herein found, is a bar to recovery of said claim in this action against a stockholder of the assignor of plaintiff of said claim."

And it is insisted in behalf of the defendant that there was a recovery, within the letter and spirit of the section of the Code to which reference has just been made. It is true, the plaintiff's right to recover for the Sebring claim was defeated. That defeat, how-

ever, falls short of a recovery by the defendant upon that cause of action.

In Burns v. Railroad Co., 135 N. Y. 268, 31 N. E. 1081, the section of the Code relied upon was construed. In that case the complaint set forth separately three distinct causes of action, which were put in issue, and on the trial the plaintiff was nonsuited as to two of them, but had a verdict as to the other, and it was held that the defendant was not entitled to costs; and in the course of the opinion delivered it was said:

"In such cases, if the defendant intends to claim costs, he should ask for an affirmative verdict or finding in his favor that will have the effect of disposing of the cause of action as to which the plaintiff has failed. * * * If the legislature intended to allow a defendant who succeeds in defeating a separate cause of action stated in the plaintiff's complaint to recover costs, it would have used some other word to designate the form of the judgment in his favor, and upon which the right depended. It is only when he recovers upon one or more of the separate causes of action that costs follow, and in the absence of an actual verdict, finding, or judgment in his favor, this condition is not satisfied. Hence the order appealed from was right, in so far as it denied costs to the defendant."

See, also, McCarthy v. Innis, 61 Hun, 354, 15 N. Y. Supp. 855; Cooper v. Jolly, 30 Hun, 225, affirmed 96 N. Y. 667; Dougherty v. Insurance Co., 3 App. Div. 317, 38 N. Y. Supp. 258. The foregoing views lead to a modification of the orders.

Orders modified, and the clerk directed to tax one bill of costs and taxable disbursements in favor of the plaintiff, and to tax the referee's fees ($15) in fourteen actions, and the taxable disbursements pertaining to each action, not taxing the same item, except referee's fees, in more than one action, and the order, as so modified, affirmed, without costs.

ADAMS and WARD, JJ., concur.

FOLLETT, J. (dissenting). Section 7 of chapter 567 of the Laws of 1890 was repealed May 14, 1895, by section 1 of chapter 671 of the Laws of that year, which was after these actions had been decided. However, the liability of the stockholders for the debts of insolvent corporations, the capitals of which have not been paid up, was also provided for by section 57 of chapter 564 of the Laws of 1890 (chapter 38, Gen. Laws,—Stock Corporation Law). This statute was amended by chapter 688 of the Laws of 1892, and is now chapter 36 of the General Laws, and the liability of stockholders in such cases is provided for by section 54. A creditor of an insolvent corporation, the stock of which has not been paid up, may maintain actions at law against its shareholders, or may bring an equitable action against all of its shareholders, to enforce their liability under the statutes. Weeks v. Love, 50 N. Y. 569; Mathez v. Neidig, 72 N. Y. 100; Pfohl v. Simpson, 74 N. Y. 137; Bauer v. Platt, 72 Hun, 326, 25 N. Y. Supp. 426. The plaintiff had the right to enforce the liability of the shareholders by joining them as defendants in an equitable action, or by actions at law brought against every one of them. She chose the latter method, and the question arises whether she is entitled to re-

cover costs in all of the actions. Section 3231 of the Code of Civil Procedure provides:

"Where two or more actions are brought, in a case specified in section 454 of this act, or otherwise for the same cause of action, against persons who might have been joined as defendants in one action, costs, other than disbursements, cannot be recovered, upon the final judgment, by the plaintiff, in more than one action, which shall be at his election."

The object of this section is to prevent plaintiffs from bringing a multitude of actions for the purpose of recovering costs in cases in which all of their rights might be adjudicated in a single legal or equitable action. It is urged that section 55 of the stock corporation law, which provides that in case of a recovery it shall be "with costs against the stockholder," entitles the plaintiff to costs. The same provision is found in section 58 of the stock corporation law of 1890. This provision is not designed to modify or control the general provisions of the Code in respect to costs. Cooper v. Jolly, 30 Hun, 224, affirmed 96 N. Y. 667, was brought, under chapter 237 of the Laws of 1878, to recover 23 penalties for adulterating milk. The answer was a general denial, there being no separate affirmative defense set up as against any of the causes of action. The jury found this verdict: "The jury say they find a verdict for the plaintiff for two counts of fifty dollars each, amounting to one hundred dollars." The statute provided that, in case of recovery, it should be "with costs of suit." It was held that section 3234 of the Code of Civil Procedure controlled the case in respect to costs, and that, to entitle a defendant to recover costs, "there must be a verdict or finding in his favor upon one or more of the counts set forth in the declaration; that where there was a general verdict in favor of the plaintiff, and no separate verdict rendered for the defendant, he could not recover costs." That precisely covers the case at bar, because there is a finding in favor of the defendants on the second cause of action set forth in the complaint. The fact that every one of the 15 defendants did not hold the same number of shares, and the fact that they may not have been stockholders during the same period of time, is no reason for not joining them in a single action; for the judgment could have fixed, by independent clauses, the liability of each defendant, and the payment by any one of them of the full amount of the judgment would have satisfied it as to the plaintiff. It is always within the power of a court of equity to mold its judgments so as to do equity between the litigants in an action. This has always been the right and practice of courts of equity, and it is one of their greatest and most important powers. It seems to me very clear that the plaintiff is not entitled to tax more than one bill of costs and the necessary disbursements in the other 14 actions, including the fees of the referee. The very object of the section quoted is to render abortive such a scheme as is disclosed by these actions.

Are the defendants entitled to costs against the plaintiff? Nine independent causes of action are set out in the complaint, as to six of which the plaintiff gave no evidence on the trial, but confined her testimony to three causes of action,—the second, eighth, and ninth,—and recovered on the eighth and ninth, and was defeated on the

second. The second cause of action was for work alleged to have been done by James O. Sebring, the plaintiff's attorney herein, for the corporation, of the alleged value of $500, and assigned to the plaintiff. It is alleged in the answer, as a defense to this cause of action, that when the labor was performed by Sebring he was, and still is, a stockholder in the corporation. This is an affirmative defense, and the burden of establishing it was on the defendants. The fact alleged was proved, and found by the referee, who held that the plaintiff could not recover on that cause of action. Mathez v. Neidig, 72 N. Y. 100. Section 3234 of the Code of Civil Procedure provides:

"Sec. 3234. In an action specified in section 3228 of this act, wherein the complaint sets forth separately two or more causes of action, upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues, and the defendant upon the other or others, each party is entitled to costs against the adverse party, unless it is certified that the substantial cause of action was the same upon each issue; in which case, the plaintiff only is entitled to costs. Costs, to which a party is so entitled, must be included in the final judgment, by adding them to, or offsetting them against, the sum awarded to the prevailing party; or otherwise, as the case requires. But this section does not entitle a plaintiff to costs, in a case specified in subdivision fourth of section 3228 of this act, where he is not entitled to costs, as prescribed in that subdivision."

The nine causes of action were independent ones arising on contracts; were separately set forth in the complaint, on which issues of fact were joined, on two of which the plaintiff recovered, and on one of which the defendants recovered. The word "recovers," in this section, does not denote simply a case in which some affirmative relief, by way of damages, or by way of establishing a disputed right, is awarded to the defendant in the action, but includes cases in which the defendant defeats on the merits, by a verdict or finding, one or more of several independent causes of action separately stated in the complaint. There is no reason why a defendant who has been put to the trouble and expense of successfully defending an independent cause of action should not be entitled to costs, unless the statute establishes such a rule; and there is nothing in the section from which it can be implied that the defendant must have an affirmative judgment for money, or one establishing some disputed right, before he becomes entitled to costs. There is no hint in this section that such a recovery was in the minds of its authors. The cases (of which Burns v. Railroad Co., 63 Hun, 19, 17 N. Y. Supp. 415, and 135 N. Y. 268, 31 N. E. 1080, and McCarthy v. Innis, 61 Hun, 354, 15 N. Y. Supp. 855, are types) holding that, when a nonsuit has been granted as to one of several independent causes of action separately stated in the complaint, the defendant is not entitled to costs, have no application to this case. Here was a trial of an issue of fact joined on the second cause of action, which was found by the referee in favor of the defendants, and they recovered within the meaning of the section. My conclusion is that the special term correctly held that every one of the defendants was entitled to a bill of costs against the plaintiff.

The remaining question is, had the special term authority to review this question before judgments were entered, or were the defend-

ants obliged to wait until judgments were entered against them, and then review the question on appeals from those judgments? It is settled that when a decision of a court, or the report of a referee, awards costs to a party, the clerk, in entering judgment, must follow the decision or the report. But, so far as I know, it has never been held that before the judgment has been entered in an action at law the question of costs cannot be reviewed by a special term. An offer of judgment by a defendant cannot be given in evidence on the trial, and in case a special term or referee should award costs in favor of the plaintiff, and the recovery should be less favorable than the defendant's offer, and the clerk should refuse to give the defendant the benefit of his offer, can it be doubted that a special term would have, before judgment entered, the power to review the action of the clerk? I think not. In case a party desires to review only a question of costs in an action at law, there is no reason for requiring him to await the entry of a judgment, and then take an appeal. Such a practice would put litigants to needless labor, expense, and delay, and unnecessarily occupy the time of the appellate courts in determining questions which ought to be disposed of in the first instance by the special terms.

The orders should be modified, and the clerk directed to tax one bill of costs and taxable disbursements in favor of the plaintiff, and to tax the referee's fees—$15—in 14 actions, and the taxable disbursements pertaining to each action, not taxing the same item, except referee's fees, in more than one action; and he is also directed to tax the bills of costs as presented in favor of every one of the 15 defendants. Neither party having fully succeeded on this appeal, the orders, as modified, are affirmed, without costs.

GREEN, J., concurs.