### CRANE et al. v. MILLER.

(Supreme Court, Appellate Division, Third Department. March 8, 1898.)

1. APPEAL—JUDGMENTS—AMENDMENTS.
> On the amendment of a judgment by the trial judge, to conform to the decision made, such judgment will be assumed to have been rendered as so corrected.

2. SAME—SEVERAL ISSUES—PARTIAL RECOVERY—COSTS.
> Under Code Civ. Proc. § 3234, providing that, if plaintiff recovers on one or more of the issues, where two or more issues of fact are joined, and defendant on the other or others, each party is entitled to costs against the adverse party, defendant was entitled to costs, on recovery of judgment in his favor on several of the causes of action set forth in the complaint.

Appeal from special term, Montgomery county.

Action by T. H. Benton Crane and another, as assignees, against John C. Miller. From an order of special term, directing the clerk to tax costs to defendant under the provisions of section 3234 of the Code of Civil Procedure, and also amending the judgment as entered so as to make it conform to the proceedings had at the trial, plaintiffs appeal. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Nisbet & Hanson, for appellants.
George B. White (H. V. Borst, of counsel), for respondent.

PER CURIAM. The judgment we must assume to be as corrected by the trial judge. He could better determine what took place on the trial than we can upon the conflicting affidavits before us, and he had the right to amend the judgment so that it would conform to the decision that he then made. Assuming it to be as amended, a judgment was recovered by defendant. It is something more than a mere nonsuit. It secures to defendant protection from ever again being prosecuted for the 11 causes of action first set forth in the complaint. The Burns Case, 135 N. Y. 268, 31 N. E. 1080, holds that a nonsuit does not give to defendant such a recovery as entitles him to costs

under the provisions of section 3234 of the Code of Civil Procedure. It does not decide anything more, and is not applicable to a case like this. The Moosbrugger Case, 7 App. Div. 380, 40 N. Y. Supp. 213, goes to the extent which plaintiff here claims; but it was decided by a divided court, and has been expressly dissented from in Welling v. Manufacturing Co., 15 App. Div. 116, 120, 44 N. Y. Supp. 374. See, also, Browning v. Railroad Co., 64 Hun, 513, 19 N. Y. Supp. 453. We are of the opinion that the judgment rendered for defendant entitled him to costs under the section above quoted, and that the order appealed from should be affirmed.

Order affirmed, with $10 costs and disbursements.