ROHRS v. ROHRS.

(City Court of New York, Special Term. May, 1911.)

1. Costs (§ 32*)—Taxation—Prevailing Party.

Code Civ. Proc. § 3229, provides that defendant is entitled to costs of course upon rendition of final judgment in an action specified in the preceding section unless plaintiff is entitled to costs as therein prescribed. Section 3234 provides that in an action specified in section 3228, wherein the complaint separately states two or more causes of action, if plaintiff recover upon one or more issues and defendant upon the others, each party is entitled to costs unless the substantial cause of action was the same on each issue, when plaintiff only is entitled, but that the section shall not entitle plaintiff to costs in a case specified in section 3228, subd. 4, where he is not entitled to costs as prescribed in that subdivision, which subdivision entitles plaintiff to costs of course upon final judgment for

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

him, in an action other than one specified in the preceding subdivisions which do not include contract actions. *Held* that, where the jury in a contract action in which plaintiff alleged only one cause of action found "a verdict for defendant and a verdict for plaintiff on defendant's counterclaim," costs were properly taxed only in favor of defendant, since he was the prevailing party under the statute.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 108–132; Dec. Dig. § 32.*]

2. TRIAL (§ 343*)—VERDICT—CONSTRUCTION.

A finding of "a verdict for plaintiff on defendant's counterclaim" was equivalent to the disallowance of the counterclaim.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 809–812; Dec. Dig. § 343.*]

Action by Margaret Rohrs against Charles Rohrs. On motion to correct a judgment by striking therefrom defendant's costs and for an order directing taxation of plaintiff's costs. Motion denied.

August P. Wagener, for plaintiff.

Denman & Dixon, for defendant.

FINELITE, J. This motion was referred to me for disposition. The plaintiff obtained an order to show cause from one of the justices of this court, made returnable at a Special Term thereof, why an order should not be made therein reviewing the action of the clerk of this court in refusing to allow and tax costs in favor of the plaintiff and directing the clerk aforesaid to allow costs of the action to the plaintiff and disallowing the costs of the action to defendant, and why the judgment entered herein on May 15, 1911, should not be amended by striking out therefrom the costs allowed the defendant as taxed and inserting in place thereof costs allowed to plaintiff of the action when taxed. It appears from the facts herein briefly stated that the plaintiff instituted an action against the defendant to recover the sum of $1,575 under a contract alleged to have been signed by defendant. Defendant by his answer denied that there was any sum of money due the plaintiff under said alleged contract, and denied that said alleged contract was made for a valuable consideration, and as a further defense interposed a counterclaim in the sum of $2,950 and demanded judgment in his favor for said sum, with interest thereon from October 2, 1905, and that the complaint be dismissed, with the costs and disbursements of the action. The case came on for trial before this court and a jury on the 10th. day of May, 1911, and after the case was submitted to the jury on the facts and the law covering the same the jury rendered a verdict as follows: "We find a verdict for defendant and a verdict for plaintiff on defendant's counterclaim." Thereafter, and on the 15th day of May, 1911, the plaintiff and defendant each presented on notice their respective bills of costs to the clerk for taxation. The clerk taxed and allowed the defendant's costs at the sum of $67.27, and on objection by defendant the clerk disallowed plaintiff's bill of costs, and refused to tax the same. Thereupon the defendant entered judgment in his favor and against the plaintiff for the amount of said costs as taxed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] The plaintiff asserts on this motion that, the jury having found their verdict against plaintiff and defendant, both would be entitled to costs or neither should have costs. Defendant contends that, the plaintiff failing to prevail in the action, therefore the same was in substance dismissed by the verdict of the jury finding for defendant on the plaintiff's cause of action, and that the latter part of said verdict, viz., "Verdict for plaintiff on defendant's counterclaim," was meant and to the effect that defendant's counterclaim was in all respects disallowed. From the verdict so found both sides failed to sustain their respective causes of action, and the question now arises, Who is the prevailing party entitled to costs under the statute in such cases?

It now becomes necessary for the solution of this question to refer to sections of the Code of Civil Procedure made applicable to such cases. By section 3229, Code Civ. Proc:

"The defendant is entitled to costs, of course, upon the rendition of final judgment in an action specified in the last section [sec. 3228] unless the plaintiff is entitled to costs as therein prescribed."

By section 3234, Code Civ. Proc:

"In an action specified in section 3228 of this act wherein the complaint sets forth separately two or more causes of action upon which issues of fact are joined, if the plaintiff recovers upon one or more of the issues and the defendant upon the other or others, each party is entitled to costs against the adverse party unless it is certified that the substantial cause of action was the same upon each issue, in which case the plaintiff only is entitled to costs. Costs to which a party is so entitled must be included in the final judgment by adding them to or offsetting them against the sum awarded to the prevailing party, or otherwise, as the case may require. But this section does not entitle a plaintiff to costs in a case specified in subdivision 4 of section 3228 of this act where he is not entitled to costs as prescribed in that subdivision."

In Thayer v. Holland, 63 How. Prac. 180, which was an action ex contractu, defendant, among his defenses, alleged a counterclaim. On the trial thereof the complaint was dismissed. The question arose who was entitled to tax costs. Van Hoesen (writing the opinion) said:

"The complaint was dismissed, and the defendant is the prevailing party as to the cause of action which constituted plaintiff's claim. The right of defendant to recover costs follows as a matter of course. The plaintiff insists, however, that he is entitled to costs against defendant inasmuch as no recovery was had upon the counterclaim, and that the costs that follow the dismissal of the complaint should be offset against the costs that might, as he contends, be awarded to him upon the dismissal of the counterclaim. The counterclaim was withdrawn, not dismissed; but, even if there had been a dismissal, the plaintiff would have right to costs. There is one case, and only one (Kalt v. Liqnot, 3 Abb. Prac. 190), that gave color to plaintiff's pretension, but long ago the Court of Common Pleas in Crane v. Holcomb, 2 Hilt. 271, refused to follow it. In Kalt v. Liqnot, which was an action ex contractu, the plaintiff established his counterclaim in part so that the plaintiff's damage was less than $50, but nevertheless the court refused to give defendant the costs of the action, and that as the plaintiff was entitled to costs as the prevailing party upon his claim, and the defendant to costs as the prevailing party upon his counterclaim, it was equitable that the defendant's costs should be set off against the plaintiff's. As we said in Crane v. Holcomb, no warrant for this practice can be found in the Code. Costs go to plaintiff when he recovers a judgment upon the cause of action set up in the com-

plaint. Then he is the prevailing party. If an offset equal to or greater than the amount of his claim is established, he is not the prevailing party, though he conclusively prove his entire cause of action. The defendant prevails when he defeats the plaintiff's claim, whether by establishing a counterclaim larger than the plaintiff's claim or by disproving the plaintiff's demand. Costs follow the judgment. The party in whose favor judgment is to be entered is the prevailing party. * * * It matters not that defendant has failed to establish his counterclaim that he has set up. He is still entitled to judgment and to costs if the plaintiff does not get a judgment. If Kalt v. Liqnot was in law, it would be necessary to set off the costs in every case in which the defendant proved a counterclaim, though the plaintiff should prevail in the action and recover judgment for hundreds of thousands of dollars. Such a construction of the Code would be a surprise to the profession. The common sense of the bar recognizes the fact that the prevailing party is he in whose favor the final judgment goes. The final judgment, not the result of the contest over some of the questions in controversy, determines the right to costs."

In Whitelegge v. De Witt, 12 Daly, 319, 323, Van Hoesen, J., concurring in the prevailing opinion of the court, said:

"The plaintiff is not entitled to costs, though no recovery was had upon the counterclaim. Thayer v. Holland, 63 How. Prac. 179. As the plaintiff failed to establish his right to recovery, the defendant, though she did not establish her counterclaim, is the prevailing party. Section 3234, Code Civ. Proc., has no application to this case, but, if it had, the last sentence of section 3228 Code Civ. Proc. would completely answer the plaintiff's claim to costs upon the counterclaim. See, also, Ury v. Wilde, 3 N. Y. Supp. 791, holding to the same effect."

Plaintiff contends, as above stated, that the jury having found against both plaintiff and defendant, each would be entitled to costs or neither should tax costs, under section 3234, Code of Civil Procedure, as quoted above. It will be necessary to examine this question from the following cases: Browning v. L. E. & W. R. R., 64 Hun, 513, 19 N. Y. Supp. 453; Moosbrugger v. Kaufman, 7 App. Div. 380, 40 N. Y. Supp. 213; Burns v. D., L. & W. R. R., 63 Hun, 19, 17 N. Y. Supp. 415, affirmed 135 N. Y. 268, 31 N. E. 1080; Blashfield v. Blashfield, 41 Hun, 249; Crosley v. Cobb, 42 Hun, 166, affirmed 110 N. Y. 668, 18 N. E. 480; Kilburn v. Lowe, 37 Hun, 237, to the effect hold that where more than one cause of action is set forth in the complaint and issue joined to each one of them separately, and if plaintiff recovers on one or more of the causes of action and nonsuited as to the others, plaintiffs and not defendant is entitled to tax costs; but if therein defendant has been successful on one or more of the separate causes of action set forth in plaintiff's complaint on which issue had been joined, and that on direction or finding as matter of law by the court or finding on an issue of fact by the jury in defendant's favor, both plaintiff and defendant are severally entitled to costs. In Browning v. Lake Erie & W. R. R., supra, the complaint set forth separately two causes of action. Issue was joined upon each cause of action. As to the first cause of action the court instructed the jury to find a verdict for the defendant. Upon the second cause of action plaintiff succeeded. An appeal was taken by defendant from an order denying his motion for a retaxation of costs. The court, per curiam, stated:

"That under these circumstances, inasmuch as the causes of action were separately stated and issues of fact were taken upon each of them, and a

decision in favor of the defendant upon the first cause of action and in favor of the plaintiff upon the second cause of action was rendered, all of the provisions for correlative bills of costs contained in the section above mentioned must be applied, for in regard to each of such causes of action there was a decision by a proper tribunal of a question of fact, which, as long as it remained unreserved, was conclusive upon the parties to the action. It is clear, therefore, that the plaintiff had a recovery upon the second cause of action, and it is equally clear that the defendant had a recovery upon the first cause of action. This, it seems to us, is the precise case contemplated by this provision of the Code, and it follows that the order appealed from should be reversed and the bill of costs of the defendant arising upon the first cause of action should be taxed in defendant's favor."

Moosbrugger v. Kaufman, supra, was an appeal by the defendant from an order disallowing costs to defendant and allowing costs to the plaintiff. Harding, J., speaking for the court, says (page 383 of 7 App. Div., page 216 of 40 N. Y. Supp.):

"In Burns v. D., L. & W. R. R., 135 N. Y. 268, 31 N. E. 1080, affirmed 63 Hun, 19, 17 N. Y. Supp. 415, the section of the Code (3234) relied upon was construed. In that case the complaint set forth separately three distinct causes of action which were put in issue, and on the trial the plaintiff was non-suited as to two of them, but had a verdict as to the other, and it was held that the defendant was not entitled to costs, and in the course of the opinion delivered it was said: 'In such cases, if defendant intends to claim costs, he should ask for an affirmative verdict or finding in his favor that will have the effect of disposing of the cause of action as to which the plaintiff has failed.' * * * If the Legislature intended to allow a defendant who succeeds in defeating a separate cause of action stated in the plaintiff's complaint to recover costs it would have used some other words to designate the form of the judgment in his favor and upon which the right depended. It is only when he recovers upon one or more of the separate causes of action that costs follow, and in the absence of an actual verdict, finding, or judgment in his favor this condition is not satisfied (citing McCarthy v. Innis, 61 Hun, 354, 15 N. Y. Supp. 855; Cooper v. Jolly, 30 Hun, 224, s. c., affirmed 96 N. Y. 667; Dougherty v. Met. Life Ins. Co., 3 App. Div. 317, 38 N. Y. Supp. 258)."

See to the same effect Crosley v. Cobb, 42 Hun, 166.

Blashfield v. Blashfield, supra, was an appeal from an order denying a motion to set aside the taxation of costs in defendant's favor. Martin J., writing for the court, said:

"The complaint in this action sets forth in separate counts two causes of action, one on a note for $200 and one on a note for $100.13. The statute of limitations was pleaded as a defense to each note. At the close of the plaintiff's evidence it appeared conclusively that this issue as to the $200 note must as a matter of law be decided in defendant's favor. The court so decided it instead of directing a jury to so find. The fact that it was decided by the court instead of by the jury under the direction of the court is not, I think, controlling upon this question. There was certainly a finding in favor of the defendant upon that issue. The court must have found that the evidence conclusively established the defense interposed by the defendant. The defendant I think, possesses the same right to costs that he would have possessed had the court directed a verdict for the defendant on the cause of action on the $200 note. There was in this case a substantial determination of the issues in both causes of action set out in the complaint. One was determined by the court in favor of the defendant, the other in favor of the plaintiff by the jury. The plaintiff recovered on one of the issues, defendant upon the other. I am of the opinion that the taxation of costs by the clerk was correct, and that this motion should be denied."

In Burns v. D., L. & W. R. R., supra, 63 Hun, 19–21, 17 N. Y. Supp. 415, 416, the court said:

"But this is another condition for the allowance to the defendant of costs under this section (section 3234), and that is that 'recovery' upon one or more of the causes of action set forth in the complaint upon this subject, it would not be conducive to a clear understanding of the case to cite any authority where all the conditions above mentioned did not substantially exist. In the case of Fisher v. Dougherty, 42 Hun, 166 [Note. This case should be correctly cited as Crosley v. Cobb], the point seems to have been distinctly held that where a nonsuit was granted in respects to certain counts contained in the complaint, and where no finding of fact was made either by the jury or by the court thereon, and there was a recovery had by the plaintiff upon other counts, there could not be taxed in behalf of the defendant costs in respect to the counts upon which a nonsuit had been granted. * * * The meaning of the word 'recovery' used in this section clearly contemplates a decision upon a question of fact which, allowed to remain unreversed, is conclusive upon the parties in respect to the issue there presented. In this case there has been no finding of fact which would preclude the plaintiff upon certain terms to bring as a matter of right another action to recover damages upon the second and third causes of action stated in the complaint. * * * It is only upon a decision in favor of the defendant upon an issue of fact that he is entitled to recover costs under this section. This is conditio sine quo non."

In the action at bar only one cause of action was alleged in the complaint, and, the jury finding a verdict in favor of defendant, he is the one under section 3228 and section 3229 of the Code of Civil Procedure who is entitled to costs. If the plaintiff herein had alleged more than one cause of action separately stated in his complaint on which issues were separately joined and a general verdict rendered by the jury, as had been done herein, a question would then arise under the authorities here above cited and under section 3234, Code of Civil Procedure, to the effect that plaintiff and defendant each would be allowed to tax costs, but that question does not apply to the one now before me.

[2] The jury's finding for plaintiff on defendant's counterclaim were words to the effect that defendant's counterclaim was disallowed. The clerk was correct in taxing the defendant's costs and the taxation so made should not now be disturbed.

The motion to correct the judgment by striking out therefrom the defendant's costs and for an order directing the clerk to tax plaintiff's costs is denied. Settle order on one day's notice.