# BALLARD TRANSFER & STORAGE COMPANY v. ST. PAUL CITY RAILWAY COMPANY.[1]

June 4, 1915.

Nos. 19,245—(160).

**Municipal court of St. Paul — taxation of costs.**

Under the Municipal Court Act of St. Paul, when a verdict is rendered in favor of a defendant in an action for damages, wherein the defendant counterclaims, such defendant is entitled to tax costs and disbursements necessarily paid or incurred in defending against plaintiff's claim, although no damages were awarded upon the counterclaim.

Action in the municipal court of St. Paul. Defendant set up a counterclaim. The jury returned a verdict in favor of defendant. Plaintiff objected to the taxation of defendant's costs and disbursements on the ground that defendant was not the prevailing party in the action, and appealed from the taxation by the clerk. Upon appeal the taxation of costs was set aside, Finehout, J., who ordered that no costs and disbursements be allowed either party. From that portion of the judgment adjudging that no costs or disbursements be allowed either party, entered pursuant to the order of the court, defendant appealed. Reversed.

*W. D. Dwyer,* for appellant.

*Durment, Moore & Oppenheimer,* for respondent.

HOLT, J.

A collision between a motor truck and a street car damaged both vehicles. Plaintiff, the owner of the truck, sued defendant, the owner of the street car, for damages, alleging that defendant's negligence caused the collision. Defendant entered a denial, and counterclaimed for the harm done its street car by plaintiff's want of due care. The verdict, rendered in the municipal court of the city of St. Paul, was in favor of defendant, but without damages. The

[1] Reported in 152 N. W. 868.

clerk taxed costs against plaintiff.    On appeal the clerk's action was vacated, and an order made allowing neither party costs or disbursements.    Pursuant to the verdict and this order, judgment was entered.    Defendant appeals from that part of the judgment disallowing its costs.

The Municipal Court Act of the city of St. Paul provides: "Costs are allowed to the prevailing party, in actions commenced in said court, as follows: * * * When judgment is rendered in his (defendant's) favor on the merits, five ($5) dollars, and when the amount claimed in the plaintiff's complaint is fifty ($50) dollars or more, ten ($10) dollars. * * * Disbursements necessarily paid or incurred shall in all cases be allowed to the prevailing party." [1]

The plaintiff is the party who starts a lawsuit.    The suit terminates in a verdict or decision.    If thereby the one who instituted the action obtains nothing, he, certainly, does not prevail over his adversary.    The defendant, receiving a verdict in his favor, is acquitted of wrongdoing towards the plaintiff.    In this case there was a counterclaim, but that can have no bearing.    The clerk disallowed the fees of two witnesses for defendant on the ground, apparently, that their testimony went wholly to prove the counterclaim, and not in refutation of plaintiff's claim.    In other words, he considered this an unnecessary disbursement in view of the jury's finding of no valid counterclaim.    But defendant ought to receive all legal disbursements necessarily paid or incurred in defeating plaintiff's demand.    The jury found either both to blame, or else neither.    In either event plaintiff had no cause to bring suit and make expense for defendant.    Had defendant been let alone it may never have sought redress in court.    In actions at law, whether for torts or upon contract, we think it has always been understood, in this state, that the party in whose favor the verdict goes recovers costs and disbursements against the other.    And we so hold.    The court act here involved, like section 7976, G. S. 1913, contemplates disbursements to the prevailing party in every case.    The court has no right to deny those necessarily paid or incurred. They follow the verdict as a matter of course.    Decisions of other courts, construing stat-

1 [Sp. Laws 1889, p. 1002, c. 351, § 36.]

utes of similar import to this municipal court act, sustain defend- ant's claim for costs. 11 Cyc. 27, 31. Ozias v. Haley, 141 Mo. App. 637, 125 S. W. 556; Dows & Co. v. Glaspel, 4 N. D. 251, 60 N. W. 60; Eastman v. Holderness, 44 N. H. 18; Whitelegge v. De- Witt, 12 Daly, [N. Y.] 319; Rohrs v. Rohrs, 72 Misc. 108, 130 N. Y. Supp. 1093; Burns v. Delaware, L. & W. Ry. Co. 135 N. Y. 268, 31 N. E. 1080; Lykins v. Hamrick, 144 Ky. 80, 137 S. W. 852. In Massachusetts the rule is otherwise. Hartford v. Co-op. Mut. Homestead Co. 130 Mass. 447. Plaintiff also cites Bangor & P. R. R. Co. v. Chamberlain, 60 Me. 285, but the deductions there- from do not sustain plaintiff. It merely held that, on appeal by the petitioner from the award in condemnation proceedings, a reduction of the award did not preclude costs to the landowner, he not having appealed; and, since the judgment necessarily awarded him some damages, he should be considered the prevailing party for the pur- poses of costs.

That part of the judgment herein adjudging that no costs or dis- bursements be allowed either party is reversed, and the case is re- manded with direction to insert in the judgment the amount of costs and disbursements taxed and allowed by the clerk in defendant's favor.