## Stahl et al. v. Erie Delivery Company

*Brown & Crawford,* for plaintiffs.
*Alex S. Scribner,* for defendant.

LONG, P. J., December 22, 1937.—Plaintiffs issued summons in trespass against defendant and filed their statement of claim, wherein they allege damages caused to their automobile as the result of negligence on the part of defendant while operating its Mack truck. Defendant, under the Act of April 4, 1929, P. L. 140, entitled: "An act to amend section thirteen of the act, approved the fourteenth day of May, one thousand nine hundred and fifteen, (Pamphlet Laws four hundred eighty-three), [known as the Practice Act] . . . permitting cross suits in actions of trespass, and regulating the practice in such cases", which provides that: "The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action", filed its affidavit of defense denying negligence on its part and alleged negligence on the part of plaintiffs, for which it claimed to recover against plaintiffs for damages sustained to its truck.

The case was placed on the issue list, tried by the court and jury, and resulted in a verdict for defendant, which, at the request of counsel for plaintiffs, was made to read: "We, the jurors empanelled in the above-entitled case, find for defendant and for defendant in the counter-claim."

The prothonotary then taxed the costs as per defendant's bill, which aggregated $30.28, against plaintiffs, whereupon they appealed from the taxation of such costs.

Plaintiffs' counsel have raised this question: The question presented is whether a defendant is entitled to recover costs from the plaintiff where defendant failed to recover on its counterclaim, although successful in defending against plaintiffs' suit? Their counsel have called to the court's attention the Minnesota, Massachusetts, and the English and Canadian rules. To demonstrate each they have cited a number of cases.

The leading case explaining the Minnesota rule is Ballard Transfer & Storage Co. v. St. Paul City Ry. Co., 129 Minn. 494, 152 N. W. 868. There the court held that plaintiff is the party who starts a lawsuit. The suit terminates in a verdict or decision. If thereby the one who instituted the suit obtains nothing, he certainly does not prevail over his adversary. Defendant seeking a verdict in his favor is acquitted of wrongdoing toward plaintiff. In that case a municipal court statute provided for a counterclaim and allowed costs to the prevailing defendant. We cannot see how that decision can govern the instant case.

In Rohrs v. Rohrs, 72 Misc. 108, 130 N. Y. Supp. 1093, an action on contract, it was held that a finding of a verdict for plaintiff on defendant's counterclaim was equivalent to disallowance of the counterclaim. Again, a statute governed the costs. See also Li Mandri v. G. Weiss & Sons, Inc., 121 Misc. 667, 202 N. Y. Supp. 267.

In Hansen v. Levy, 139 Misc. 693, 248 N. Y. Supp. 200, it was held that the prevailing party, in a statute relating to the costs, means the party in whose favor judgment should be entered and that there is only one prevailing party where there is but one plaintiff and one defendant.

The Massachusetts rule is that in such case neither party can recover costs, on the theory that after defendant filed its declaration in set-off or counterclaim both parties were actors, plaintiff to establish his claim sued on, and defendant to establish its claim in set-off or counterclaim. In Lapham v. Norris, 10 Cush. (Mass.) 312, an action in assumpsit, the court held that both parties are actors, and such was the condition when the case was referred to an auditor. Each had power to proceed and, in case of being the prevailing party, recover costs. The parties were equally in default and defendant was not entitled to costs as in case of an ordinary discontinuance by plaintiff. See Caverly v. Bushee et al., 1 Allen (Mass.) 292, an action on contract, where the court held that:

"Neither party can properly be considered as entitled to costs as the prevailing party. After the set-off was filed, both became actors; the plaintiff to prosecute the claim alleged in the declaration, the defendants to establish their demand in set-off. The result of the case is that neither has succeeded in proving his claim."

See also Hartford v. Cooperative Mutual Homestead Co., 130 Mass. 447, a declaration in set-off, and Szost v. Dykman, 252 Mich. 151, 233 N. W. 203, an action for negligence where defendant filed a counter-suit, which recognized the Massachusetts rule and held that if both parties failed to make a case no costs were chargeable to either. See Lemke v. Poulin, 107 Atl. 856, a New Jersey negligence case where defendant filed an answer and counter-suit, and Campbell v. Rogers, 191 Wis. 570, 211 N. W. 768.

We now come to the English and Canadian rule. In England and Canada, usually because of rule of court or statutes, for purposes of taxation of costs, a counterclaim is regarded as a separate and independent action, and the costs of the action in which the counterclaim is filed are taxed as if there was no counterclaim. Whether both parties fail, or succeed, or whether one fails and the other succeeds, can in principle make no difference. Where both claim and counterclaim are dismissed, plaintiff is liable for defendant's costs of the action and defendant is liable for plaintiff's costs of the counterclaim: Southerland v. Brown, 176 N. C. 187, 96 S. E. 946, a North Carolina case, cited in support of the English and Canadian rule. There the court held that a counterclaim is an independent issue.

Counsel for appellant-plaintiffs have requested the court to follow the Massachusetts rule on the theory that each party became an actor and sought to recover something for himself from the other. They cite Kalle v. Heft, 154 Pa. 470, which was an equitable action and the court, by reason of its equitable powers, was in position to order that the costs should be divided.

Although counsel for the appellants have discussed the Act of April 4, 1929, P. L. 140, we fear that they have not taken into consideration the distinction existing between the Practice Act of 1915, supra, sec. 14, as amended by the Act of 1929, supra, governing set-offs, counterclaims and new matter, and the Act of 1915, sec. 13, as amended by the Act of 1929, sec. 1, governing cross-suits in actions of trespass.

The instant case does not cover a set-off, counterclaim or new matter, but relates altogether to a cross-suit in an action of trespass, which is allowed under the Act of 1929, sec. 1.

In Beason v. Pierce, 321 Pa. 398, the Supreme Court, while discussing the Act of 1929, said that the statute authorizing a cross-suit in a trespass action was intended

to prevent either party involved in an accident from obtaining undue advantage by being first to start action against the other and first to bring the action to trial, and to prevent a multiplicity of suits, and should be liberally construed to accomplish such purposes. It has no relationship whatever to a set-off.

"While the term is somtimes loosely employed, a set-off is a counter-demand arising out of a transaction *extrinsic* to the plaintiff's cause of action, and therefore is not incompatible with the justice of the plaintiff's claim but seeks to balance it in whole or in part by a counter-obligation alleged to be due by the plaintiff to the defendant in another transaction": Beason v. Pierce, supra, p. 399.

The claim was in the nature of a cross action and is not a set-off or counterclaim: Beason v. Pierce, supra; and only one verdict can be rendered, although the jury considers two distinct claims. The act requires that the case shall be tried as one action: Kempfle v. Frey, 42 Lanc. 705; Falsey et ux. v. Park, 20 D. & C. 346.

Counsel for defendant has called to our attention 15 C. J. 3, sec. 19. There it is set forth:

"Although there is some authority to the contrary, the general rule, except where there is some statutory provision operating to the contrary, is that where a set-off or counterclaim has been filed and allowed, wholly or in part, the party in whose favor final judgment is rendered will be entitled to costs. In other words, plaintiff is entitled to costs if he has judgment for an amount in excess of the set-off or counterclaim allowed; and this is so, although defendant to a certain extent prevailed on his counterclaim. Plaintiff will be allowed all his costs, although a part of them may have been incurred in litigating a set-off or counterclaim the issue as to which was found against him. By parity of reasoning if the amount allowed as set-off or counterclaim exceeds the amount allowed on plaintiff's demand, or if the only judgment rendered is for defendant on the counterclaim, defendant

is entitled to costs, in the absence of some statutory provision to the contrary; but, although there is some authority to the contrary, this rule has been denied as to claims purchased by defendant since the institution of the action, and as to a counterclaim or set-off that is in no wise controverted. If plaintiff fails he is not entitled to costs merely because defendant fails to establish his counterclaim, but in such a case defendant is entitled to costs, although this has been denied."

We now inquire as to what governs costs in common-law actions in Pennsylvania. Is the question determined by statute or otherwise? Mr. Justice Sterrett, in Black's Appeal, 106 Pa. 344, in determining the question of who should pay the costs on a feigned issue to test the ownership of certain money paid into court, the verdict having been in favor of defendant and the lower court having directed that one half of the costs be paid by plaintiff and one half of them be paid by defendant, said:

"At common law no costs were allowed, the amercement of the vanquished party being his only punishment; but, in assessing damages, costs were generally considered by the jury and included in their verdict. Costs, *eo nomine*, were first given to plaintiffs by the Statute of Gloucester, 6 Edw. I., c. 1. Afterwards, by the Statutes 23 Hen. VIII, c. 15, 4 Jac. I., c. 3, 8 and 9 Wm. III, c. 12, and 4 and 5 Anne, c. 16, the successful defendant was allowed the same costs as the plaintiff would have been entitled to, if he had recovered: 4 Minor's Institutes, 788; 3 Blackstone 399. With some statutory limitations and qualifications, which it is unnecessary to specially notice, the rule thus established in England has always been recognized and enforced here. In equity the practice is different, but in actions at law the general rule undoubtedly is that costs follow the judgment; and hence it is incumbent on an unsuccessful litigant, who claims either partial or entire relief from the costs of suit, to point to the statute that warrants exemption from the burden. . . . The question was whether the money in

court belonged to the plaintiff or to the defendant. The jury declared by their verdict that it belonged to the latter, and judgment was accordingly entered in his favor on the verdict. Like ordinary judgments in actions at law, it carried costs, and the court erred in making an order, the effect of which was to prevent appellant from proceeding to collect full costs from the unsuccessful plaintiff in the issue."

The Statute of Gloucester, 6 Edw. I, c. 1, 1 Eng. Stat. at L. 65, enacted in the year 1278, and the Statute of James I, c. 3, 3 Eng. Stat. at L. 68, enacted in 1606, which awarded defendant's costs in the same kind of case where the plaintiff was entitled thereto, have been continuously in full force and effect. See British Statutes in Force in Pennsylvania, 3 Binn. 599. The first statute that gave defendant a right to costs was the Statute of 52 Henry III, c. 6, 1 Eng. Stat. at L. 32, but the right was confined to particular classes of cases, namely, wardship in chivalry.

The courts of Pennsylvania do not proceed upon the theory that statutes giving costs are penal statutes to be strictly construed, but have adopted the more wise and just policy that they ought to be largely and liberally interpreted so as to do complete justice by compensating parties, who have been obligated to incur expenses necessary either in prosecuting just and lawful claims or in defending themselves against unjust and unlawful ones. See Steele v. Lineberger et al., 72 Pa. 239; Ford v. Neely, 59 Pa. Superior Ct. 652; Arthur Tappan & Co. v. Columbia Bank & Bridge Co., 2 Clark 436; Arnold v. McKelvey, 7 Leh. L. J. 223; Beardsley v. The Honesdale & Delaware Plank Road Co., 5 Clark 306; Small v. Arnhold, 17 Phila. 256; Savage v. McHale, 8 Dist. R. 560; Maxwell v. Ludwick Borough, 7 Dist. R. 523; Scott v. Borough of Fairfield, 23 Pa. C. C. 114, and Bennage v. Union County, 22 Pa. C. C. 342.

In the instant case the court has no power to divide the costs. In Lane v. Harrold, 66 Pa. 319, an ejectment

case, it was held that defendant, who disclaimed for an undivided three fourths and recovered a verdict for an undivided one-fourth interest in real estate, was entitled to costs. There the court said:

"We have no other statute on this subject directly applicable, excepting that of 4 Jac. 1, cap. 3, reported to be in force in Pennsylvania. It is there provided that in all actions of trespass, *ejectione firmae*, and other actions, real and personal, therein referred to, 'whenever the plaintiff or demandant might have recovered costs, in case judgment should be given for him, and the plaintiff or plaintiffs, or demandant or demandants . . . be non-suited, or that any verdict happen to pass by any lawful trial against the plaintiff or plaintiffs, . . . then the defendant or defendants, in any such action, bill or plaint, shall have judgment to recover his costs against any such plaintiff or plaintiffs, or demandant or demandants, to be assessed, taxed and levied in manner and form as costs in said recited act, 23 Hen. VIII, cap. 15, are to be assessed, levied and taxed': Rob. Dig. 129."

Defendants were entitled to their costs, having recovered a verdict and judgment in their favor. See Puloka v. Commonwealth et al., 28 D. & C. 367; Frew v. Dague, 20 D. & C. 229; Palm's Estate, 13 Pa. Superior Ct. 296. In general, the right to costs and the recovery thereof is statutory, and in the absence of an express statute, a successful party cannot recover costs: Lewis v. England, 4 Binn. 5; Fraim v. Lancaster County, 171 Pa. 436; Salem Twp. v. Cook, 6 Pa. C. C. 624; Hancock v. Barton, 1 S. & R. 269.

Our legislature, by the Act of May 19, 1897, P. L. 67, sec. 21, continued to recognize the rights of the prevailing party by providing in appeals for the payment of costs by the party finally losing the case, except as therein provided and in equitable proceedings where the court shall otherwise direct. This was followed by the Act of April 27, 1909, P. L. 263, continuing to recognize

the principle and providing for the payment of paper books by the losing party.

Taking into consideration the acts of the legislature, hereinbefore referred to, the decisions of the courts pertaining thereto, and the fact that the Act of April 4, 1929, P. L. 140, provides that both claims in the said cause shall be tried as one action, the further fact that the claims were tried as directed by the act and that plaintiffs, the aggressors in the litigation, failed to prevail against defendant, we are compelled to sustain the action of the prothonotary. Therefore, we make the following

### Order

And now, December 22, 1937, after due and careful consideration the action of the prothonotary and the taxation of costs as made by him is sustained, and the appeal from the taxation of costs, which, by agreement of counsel, shall include $7.75 due the prothonotary, thus making the total costs $38.03, is dismissed.