KLIPPEL and wife, Appellants, vs. BORNGESSER and wife, Respondents.

*May 9—June 6, 1922.*

*Covenants: Outstanding lease as incumbrance: Knowledge of lease by grantee: Breach of covenant: Damages: Parol evidence: Contemporaneous oral agreements.*

1. A valid outstanding lease constitutes an "incumbrance" within the meaning of that term as used in a warranty deed; and an action for breach of a covenant against incumbrances may be maintained where there is an outstanding term on lands conveyed, although its existence is known to the grantee at the time of the execution and delivery of the deed.

2. The damages recoverable in such case are the rental value of the premises during the time possession was withheld under the lease; and acceptance of rent by the grantee from the lessee does not waive breach of the covenant, but operates to reduce the amount of the recovery.

3. Damages may not be recovered for moving expenses of plaintiff incurred by reason of his inability to obtain possession of the dwelling house on the premises.

4. In the absence of fraud or mistake, defendants may not vary the terms of the deed by showing a contemporaneous oral agreement consenting to occupation by the lessee under the lease.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge. *Reversed.*

The appeal is from a judgment affirming the judgment of the civil court of Milwaukee county.

It appears without dispute that the defendants sold and

conveyed to the plaintiffs certain premises by warranty deed, whereby the defendants warranted that the premises were free and clear from all incumbrances other than those specifically excepted by the terms of the deed.

It further appears that at the time of the execution and delivery of the deed the defendants had leased the premises to one Quaden. The deed was executed and delivered July 24, 1920, and the Quaden lease did not expire until May 1, 1921. By the terms of the lease Quaden was to pay $460 per year rental. One hundred dollars was paid in advance by the lessee, and the remaining $360 was to be paid in instalments of $30 per month upon the 1st day of each month during the term. On behalf of the plaintiffs it is claimed that a fair rental value of the premises was $55 per month; that their damages therefore amount to the difference between the rents reserved in the Quaden lease and the fair rental value per month from the date of the delivery of the deed to the maturity date of the lease; and they also claim in addition thereto a loss of $16 for moving expenses incurred by reason of their inability to obtain possession of the dwelling house upon the premises in question.

The civil court found, and such is the undisputed fact, that the plaintiffs knew at the time of the execution and delivery of the deed that the lessee, Quaden, was in possession thereof.

The court further found that the plaintiffs were advised that the lease under which Quaden held possession would not expire until May 1, 1921.

It further appearing that the plaintiffs had been paid the rental of $30 per month by the lessee, the court concluded, as a matter of law, "That plaintiff, having purchased with knowledge and having received the benefit of the lease, has accepted the terms of said consideration and made it, the lease, part of the same."

A judgment was entered accordingly, from which the plaintiffs appealed to the circuit court for Milwaukee county, where the judgment was affirmed.

The cause was submitted for the appellants on the brief of *Henry W. Stark* of Milwaukee, and for the respondents on that of *Phillips & Phillips* and *Horace B. Walmsley*, all of Milwaukee.

ROSENBERRY, J. The sole question raised here is whether or not the outstanding lease constituted an incumbrance within the meaning of that term as used in the warranty deed. The language of the covenant was:

"And that the same are free and clear from all incumbrances whatever, except a mortgage of $1,800, . . . and that the above bargained premises in the quiet and peaceable possession of the said parties of the second part, their heirs and assigns, against all and every person or persons lawfully claiming the whole or any part thereof, they will forever warrant and defend."

In their answer the defendants alleged that there was a verbal understanding in regard to the occupation of the premises by the lessee, and that the lessee had agreed that if a suitable place could be found he would move from the premises. The court, however, found no such verbal understanding, but found that the plaintiffs had knowledge of the fact prior to the execution and delivery of the deed that there was an outstanding lease which would not expire until May 1, 1921, and that the lessee, Quaden, was in the actual, open, notorious, and visible possession of the premises.

Under such circumstances was there a breach of the covenant against incumbrances? That a valid outstanding lease is an incumbrance would seem to be too clear to require argument or for the citation of authorities, and it has been so held in many jurisdictions. *Simons v. Diamond Match Co.* 159 Mich. 241, 123 N. W. 1132; *Demars v. Koehler*, 62 N. J. Law, 203, 41 Atl. 720, 72 Am. St. Rep. 642; *Porter v. Bradley*, 7 R. I. 538; *Brown v. Taylor*, 115 Tenn. 1, 88 S. W. 933; *Mills v. Catlin*, 22 Vt. 98.

The authorities are also unanimous in support of the

proposition that an action for breach of covenant against incumbrances is maintainable when there is an outstanding term on lands conveyed, although its existence was known to the grantee at the time of the execution and delivery of the deed. *Demars v. Koehler,* 62 N. J. Law, 203, 41 Atl. 720; *Brown v. Taylor,* 115 Tenn. 1, 88 S. W. 933, 4 L. R. A. n. s. 309 and note.

It is alleged that because the plaintiffs accepted the $30 per month from the lessee they thereby waived their right to claim damages for breach of covenant. The plaintiffs are not disaffirming the contract, they are not seeking a rescission, but, on the contrary, are claiming under the contract. Their damages were the rental value of the premises during the time possession thereof was withheld. The payment of the $30 per month reserved by the terms of the lease merely operated to reduce the amount of the recovery and did not affect plaintiffs' right of recovery. Plaintiffs were not entitled to receive expense of moving. In the absence of an allegation of fraud or mistake, the defendants should not have been permitted to show a contemporaneous oral agreement which in effect varied the terms of the deed.

*By the Court.*—Judgment of the circuit court affirming the judgment of the civil court is reversed, and the case remanded with directions to reverse the judgment of the civil court and direct judgment for plaintiffs in accordance with this opinion.