Olsen v. Humiston, 186 Wis. 70.

GETTS, Plaintiff, vs. OLSEN and others, Defendants: OLSEN, Respondent, vs. HUMISTON and another, Appellants.

*January 13—February 10, 1925.*

*Covenants: Breach of warranty: Evidence: Sufficiency: Deeds: Reformation: Damages: Failure of title to part of lands conveyed: Costs of vendee.*

1. In an action to quiet title one defendant filed a cross-complaint against her predecessors in title demanding damages for breach of warranty in case title to the land conveyed to her by them was adjudged to be in the plaintiff, and the defendants in the cross-complaint, in turn, filed a cross-complaint requesting reformation of their deed. *Held* that, the court having found against reformation and awarded damages because of breach of warranty, the evidence to the contrary is insufficient to disturb the findings. p. 74.

2. In an action to reform a deed for inaccurate description of the premises, the burden of proof is on the moving party to overcome the presumption arising from the terms of the deed by plain and convincing evidence beyond reasonable controversy. p. 74.

3. The evidence in the case is *held* to show that the purchaser acted in good faith in the belief that the property purchased was as described in the deed shown her and incorporated in her contract and later in the deed to her. p. 75.

4. Where the purchaser received the conveyance ten months before an action for breach of warranty was commenced, and there was no evidence that there had been any change in the value of the property, the assessment of damages as of the time the action was commenced, if error, was nonprejudicial. p. 75.

5. The party disseized is entitled to recover such fractional part of the whole consideration as the value of the property at the time of the purchase bears to the whole value at such time. p. 75.

6. On judgment for the defendant in a cross-complaint against her codefendants for breach of a covenant of warranty, the cross-defendants were properly chargeable with the costs of the cross-plaintiff; and it was immaterial whether they were assessed to them as costs or as damages. p. 76.

7. Where errors complained of do not affect the substantial rights of appellants, the judgment, under sec. 3072m, Stats., will be affirmed. p. 76.

APPEAL from a judgment of the circuit court for Dane county: CHESTER A. FOWLER, Judge. *Affirmed.*

This was an action to quiet title. The defendant *A. Rosabelle Olsen* filed a cross-complaint against the defendants *Kate Humiston* and *W. E. Campbell,* her predecessors in title, demanding damages for breach of warranty in case title to the property was found to be in the plaintiffs, and the defendants *Humiston* and *Campbell* interposed a cross-complaint against the defendant *A. Rosabelle Olsen* asking for reformation of their deed to her. The case was tried before the court and judgment was entered quieting title in the plaintiffs, as demanded in their complaint, denying reformation of the deed on the cross-complaint of *Humiston* and *Campbell,* and granting judgment to the defendant *Olsen* for damages because of breach of warranty against the defendants *Humiston* and *Campbell.* The defendants *Humiston* and *Campbell* appeal and assign as errors: (1) That the court erred in refusing reformation of the deed as demanded in their cross-complaint; (2) in determining the damages recoverable for breach of covenant; and (3) in adjudging that appellant pay the costs and disbursements taxed against defendant *A. Rosabelle Olsen* in the main action.

For the purposes of this case we will assume that Main street in the village of Oregon, Dane county, Wisconsin, runs north and south, and that Park street runs east and west, crossing Main street. The defendant Rogers, in 1905, acquired a rectangular tract of land in the southwest angle formed by Main and Park streets, running 117 feet along Park street and 93.077 feet on Main street. In the same year he deeded the north 22 feet to one Haskell. The remaining 71.077 feet he mortgaged to the Hausmann Brewing Company in the same year. In 1906 Rogers secured a release from the mortgage of the north 22 feet of said mortgaged parcel and deeded the same to Haskell. Later the mortgage was foreclosed and Rogers bought in the prop-

erty at the sale under the judgment of foreclosure. By mistake the sheriff's deed to Rogers conveyed the 22 feet which had been released from the mortgage and by him conveyed to Haskell, and the deed from the sheriff to Rogers purported to convey 71.077 feet fronting on Main street, instead of 49.077 feet. Thereafter, in October, 1919, Rogers deeded to the defendants *Humiston* and one Fox the property that he purchased on foreclosure sale, and by like mistake used the same erroneous description in his deed to *Humiston* and Fox. Fox, in October, 1920, by the same erroneous description conveyed to *Campbell*. In October, 1922, defendants *Humiston* and *Campbell* conveyed said property by warranty deed to *A. Rosabelle Olsen*. The plaintiffs traced their title by mesne conveyances from said Haskell.

For the appellants there was a brief by *Wm. R. Curkeet, W. L. Woodward,* and *A. T. Rogers,* all of Madison, and oral argument by *Mr. Curkeet.*

For the respondent there was a brief by *A. G. Michelson,* attorney, and *Bagley, Spohn & Reed,* of counsel, all of Madison, and oral argument by *William H. Spohn.*

CROWNHART, J.    The real question litigated in the court below was whether or not the conveyance from defendants *Humiston* and *Campbell* to the defendant *Olsen,* by mutual mistake or by mistake of grantors and fraud on the part of grantee, included in the deed a rectangular piece 22 feet by 117 feet, lying north of the rectangular property 49.077 feet by 117 feet, intended to be conveyed. It appears that during all the times in question there was a hotel situated on the property fronting on Park street 117 feet and running north on Main street 49.077 feet. On the north side of the hotel was a door over which there was a small porch and steps extending about three feet north of the main building onto the 22-foot strip in dispute. To the east of the hotel,

and partly on the hotel property proper but largely on the 22-foot strip, was an old woodshed much dilapidated and not in use.  Also, on the 22-foot strip was an old well used as a cesspool in connection with the hotel by an underground pipe, which was not visible.  Rent had been paid by Rogers for the use of this cesspool in connection with the hotel.  In the negotiations for the purchase of the property, it appears that defendant *Olsen's* husband represented her, and that he was familiar with the hotel property generally.  One Jones acted as agent of the grantors.  There was nothing said as to the exact dimensions of the real estate to be conveyed. Just before the purchase the hotel was measured on the inside by Olsen to ascertain if it would meet the requirements of the business that Olsen wished to maintain in it.  He also measured the hotel dimension on Main street.  Olsen did not know the exact description of the land.  *Mrs. Olsen,* her husband, and her father came to Madison to close the deal.  There they were given an old deed by Jones as agent of the grantors, containing a description of the land proposed to be conveyed, which included the 22-foot strip in dispute.  Defendant *Olsen,* her husband, and her father retired to the hall and consulted about the matter, and finally agreed to accept the property, and the deed was made to the defendant *Olsen* conveying the rectangular piece before mentioned, with 71.077 feet on Main street.  The defendant *Olsen* testified that she had no knowledge of the erroneous description in the prior conveyances; that she did not know, until the old deed was presented to her with the description of the land, what the dimensions of the tract were in fact; that when she agreed to the purchase of the property she supposed that she was acquiring title to the property described in the deed which had been shown her.  Her husband and her father testified in substance to the same effect.

It is claimed by appellant that defendant *Olsen* knew of the mistake in the description; that her husband had been

given an abstract of the premises, which he had examined and which abstract showed the various transfers heretofore mentioned, and it showed that the sheriff did not acquire the right under the judgment of foreclosure to sell the 22-foot strip in question. Olsen was not a lawyer. He was somewhat familiar with abstracts, but he testified that he did not notice the mistake in the deeds and did not know what the description of the property proposed to be conveyed was, until he was shown the deed with the description just before the purchase. He said that Jones, the agent of the grantors, had pointed out the old shed as being on the property to be conveyed. This Jones denied. The shed was thirteen by sixteen feet, and all but one foot eight inches was on the 22-foot strip. It is easy to understand that Olsen, with his experience, would not correctly understand the abstract. The defendant *Olsen* mortgaged the property to a bank for a portion of the purchase money, and the bank had an attorney pass upon the title, who failed to notice the erroneous description, using the same abstract that had been presented to Olsen. It is claimed that the defendant *Olsen* understood that she was acquiring the hotel property only, and while this is probably true in a general way, still the evidence fails to show that she knew how much land went with the hotel until she was advised at Madison by being shown the deed containing the description. It is undisputed that the hotel property included this 22-foot strip at the time it was conveyed to Rogers.

The question was clearly one of fact, and the court having found in favor of the defendant *Olsen,* under cross-complaint, the evidence to the contrary is insufficient to disturb that finding.

The burden of proof rested on the moving parties to overcome the presumption arising from the terms of the written instrument by plain and convincing evidence beyond reasonable controversy. *Meiswinkel v. St. Paul F. & M. Ins. Co.*

75 Wis. 147, 43 N. W. 669; *Grant M. Co. v. Abbot,* 142 Wis. 279, 124 N. W. 264, and cases there cited. It is the opinion of the court that such burden has not been met in this case. Enough has been shown that there was entirely credible evidence that defendant *Olsen* acted in good faith in the belief that the property being purchased was as described in the deed shown her and incorporated in her contract and later in the deed to her. The evidence need not be further detailed.

The appellant claims error in assessing damages. The court assessed the damages as of the time the suit was commenced. She received her conveyance ten months before the action was commenced. There is nothing in the record to indicate that during such time there had been any change in the value of the property. The witness Fox testified that during the year he had an interest in the property there was no change in value. There is no presumption of change, and there is no claim of any change during this period. The error, if it be error, we think nonprejudicial. The appellants further claim that the damages should have been measured by the proportion which the value of the disputed strip bore to the value of the whole property at the time of the purchase, and they cite in support of their position *Semple v. Whorton,* 68 Wis. 626, 32 N. W. 690, and *Gates v. Parmly,* 93 Wis. 294, 66 N. W. 253, 67 N. W. 739. The rule is there laid down that the party disseized is entitled to recover such fractional part of the whole consideration as the value at the time of the purchase bears to the whole value at such time. However, upon full consideration of the evidence we do not consider that there was any substantial departure from this rule, although there was not a literal compliance therewith.

The appellants further claim the court should not have included in the assessment of damages the costs which were charged against her in the action to quiet title. The action

to quiet title was against all the parties, and cross-complaints were filed in the same action. The appellants were properly chargeable for these costs, and it was immaterial whether they were assessed to them as costs or as damages. Upon consideration of the whole proceeding, we do not think the errors complained of affected the substantial rights of the appellants. Sec. 3072m, Stats.

*By the Court.*—The judgment of the circuit court is affirmed.