CAMPBELL, Respondent, vs. ROGERS, imp., Appellant.

*December 7, 1926—January 11, 1927.*

*Covenants of warranty: On lands not intended to be conveyed: Mutual mistake: Unnecessary counterclaim for reformation: Costs.*

1. Where plaintiff brought an action to recover for an alleged breach of a covenant of warranty, joining his immediate grantor, F., and a lawyer, R., who had conveyed by warranty deed to F., and R. counterclaimed in equity for a reformation of his deed, and the court disposed of the case as one in equity, plaintiff, on appeal, cannot assert a claim against R. in tort on the ground that R. did not properly advise plaintiff as to his rights in a prior case between plaintiff and his immediate grantee, O., wherein judgment was rendered against the plaintiff. p. 573.
2. Plaintiff, when he had been made a party in an action for damages for breach of warranty by his grantee, O., asserted by his answer and by his testimony that he had never owned a part of the land described in the deed and never intended to convey it to O., and that there was a mutual mistake. *Held,* that plaintiff thereby recognized that the deed under which he claimed contained a similar mutual mistake and a similar lack of warranty; and a judgment in favor of O. against plaintiff, on the ground that she was not informed of the mistake, does not enable plaintiff to recover against his grantors, F. and R. p. 575.
3. Where in the litigation between plaintiff and O. the status of the title to a disputed piece of land was settled, there is no need to reform the deed under which plaintiff claims, in an action by plaintiff for breach of warranty, and, although R. prevails on appeal, plaintiff is not subjected to costs. p. 575.

APPEAL from a judgment of the circuit court for Dane county: S. E. SMALLEY, Judge. *Reversed.*

Defendant *Rogers,* an attorney, in 1905 bought a southwest corner lot with a hotel building on it on Main street in Oregon, said county. Afterwards he sold some and mortgaged the balance with about a seventy-one-foot frontage,

then sold the north twenty-two feet thereof, obtaining a release of the mortgage on such piece.   Subsequently he bought on foreclosure sale and in October, 1919, sold to one Mrs. Humiston and the defendant Fox the hotel property.   By mistake the description in his warranty deed to them was of the seventy-one-foot frontage as described in the mortgage instead of the forty-nine feet to which alone *Rogers* had title.   (There is a fraction of a foot to be added to these respective figures, but such fraction is here disregarded.) Fox conveyed his undivided half to plaintiff, *Campbell*.   By subsequent conveyance, still describing it as seventy-one feet, a Mrs. Olsen became the owner.   Getts, who had purchased the twenty-two feet to the north of the hotel, brought an action to quiet title.   Mrs. Olsen by cross-complaint sought relief against Mrs. Humiston and plaintiff on their warranty, for any damages she might suffer.   They prayed for a reformation of their deed to her.   Such relief was denied; Mrs. Olsen had judgment for damages; and the title to the twenty-two feet was secured in Getts.   On appeal this was affirmed (*Olsen v. Humiston,* 186 Wis. 70, 202 N. W. 160), where the facts are set out more fully, wherefore the brevity of this statement.

In April, 1925, the plaintiff paid in full the judgment, then amounting to $1,272.33, which had been entered in favor of Mrs. Olsen against Mrs. Humiston and himself,—having taken an assignment from Mrs. Humiston of all her interest in any claim she might have against defendant *Rogers. Rogers* paid a part of the bill for legal services incurred and then plaintiff paid $466.17, the balance due for legal services.

*Campbell* then brought this action to recover such amounts from *Rogers* and Fox.   Fox asserted a liability over against *Rogers,* and *Rogers* counterclaimed for a reformation of his deed of October, 1919.

In the prior action plaintiff verified an answer, on behalf

of himself and Mrs. Humiston, to Mrs. Olsen's cross-complaint, and in that, and by plaintiff's testimony and that of Mr. Humiston, who acted in the deal for his wife, the intent and understanding of all the parties in the deed to Mrs. Olsen was claimed to have been to convey but forty-nine instead of the mistaken description of seventy-one feet, and that they owned no more than such forty-nine feet and that Mrs. Olsen so knew.

It appears that the hotel building occupied forty-nine feet northerly from the corner. That on its north side there was an unused door opening onto a platform extending some three to five feet onto the twenty-two feet and an old woodshed partly on the same. There was dispute as to just how much, if any, of the north twenty-two feet was represented to Mrs. Olsen as intended to be conveyed.

The court here found on that question, in effect, that while the minds of the parties to the respective sales met, so far as intending to sell the hotel property, they did not meet as to the number of feet frontage intended to be included in such sales. He also found that defendant *Rogers* was promptly notified by Mrs. Humiston and plaintiff of the cross-complaint by Mrs. Olsen aforesaid and that the defense thereof was tendered him; that *Rogers* participated in the trial and was an attorney of record for Mrs. Humiston and plaintiff on the appeal in the former action.

As conclusions of law he held *Rogers* bound by the judgment in the former action and liable to plaintiff for the several amounts aforesaid.

From the judgment *Rogers* appeals.

For the appellant there were briefs by *Olin & Butler,* and oral argument by *R. M. Rieser,* all of Madison.

For the respondent there was a brief by *Buell & Lucas* of Madison, and oral argument by *Frank W. Lucas.*

Campbell v. Rogers, 191 Wis. 570.

ESCHWEILER, J.   The plaintiff, *Campbell,* having taken by assignment all interest in this matter that Mrs. Humiston had, asserts in this action a right to recover against defendant *Rogers* upon his deed of October, 1919, to Mrs. Humiston and Fox, the necessary incident expenses and the amount recovered by Mrs. Olsen upon the breach of warranty in the deed of October, 1922, to her.   His complaint was framed upon such theory, although facts were therein recited and testified to upon the trial as to *Rogers* being requested to act as attorney for Mrs. Humiston and plaintiff in the former action; that he declined so to do; that he recommended and retained the attorneys who appeared and defended for them; that he contributed to the payment for such services; advised the appeal there taken to this court and therein appeared as counsel.

Plaintiff now also contends that in case he cannot maintain a right to recover on breach of warranty he may nevertheless succeed in recovering the same amount of damages because of an alleged breach of duty or obligation that *Rogers* owed to plaintiff and Mrs. Humiston to properly advise them when consulted at the time for pleading in the former action.   We think, however, such position cannot now be taken;—the action was treated all the way through as an action on warranty, not for tort; plaintiff joined Fox as codefendant with *Rogers* and asked for relief against Fox solely upon his warranty in the conveyance of an undivided half; if it was intended by the plaintiff to assert a tort liability on the part of *Rogers,* then plaintiff could not properly join Fox because no facts are recited or claim made showing any tort liability on the part of Fox; Fox and *Rogers* asserted by their pleadings claims for purely equitable relief; the action was tried by the court and the findings were of form appropriate to one where equitable procedure alone is

followed; *Rogers'* counterclaim for reformation was disposed of as in an action of equity;— it is now too late for plaintiff to change front and assert such a substantially different claim and one at law.

Whatever may have been the position of *Rogers* under his warranty in the deed of October, 1919, to Mrs. Humiston and Fox, still plaintiff (succeeding to Fox) and Mrs. Humiston were bound, at their peril, to know their own title and the proper and adequate description of the property they were conveying to Mrs. Olsen in October, 1922. When challenged by her on their warranty of ownership of seventy-one feet frontage instead of the forty-nine feet actually owned, they asserted, by verified pleading and testimony, that they never owned and never intended to convey to Mrs. Olsen more than the forty-nine feet, and that Mrs. Olsen had full knowledge of such facts; that the mistake by inserting the seventy-one feet in their deed to Mrs. Olsen was mutual and that Mrs. Olsen ought not to profit thereby, but in so asserting they necessarily recognized as beyond dispute that a similar mistake existed and a similar lack of warranty arose as to these twenty-two feet in the deed by *Rogers* in 1919. From the time of so pleading in defense to Mrs. Olsen's cross-complaint there was therefore no longer any dispute of fact between *Rogers, Campbell,* and Mrs. Humiston as to there having been a mutual mistake as to the description in the *Rogers* deed of 1919. If plaintiff and Mrs. Humiston knew that they did not own or intend to convey the twenty-two feet to Mrs. Olsen, they likewise knew that *Rogers* did not own or intend to convey it to them. If, because of mutual mistake, the twenty-two feet should disappear from the Olsen deed in 1922, it should, for the same reason, evaporate from the *Rogers* deed of 1919.

The issue of fact, however, between Mrs. Olsen and her grantors on this point, viz. whether such mistake was *mutual,* was decided on the trial of that issue in favor of

Campbell v. Rogers, 191 Wis. 570.

Mrs. Olsen, and she recovered because of the determination there that she was not informed of the real situation, and then, there being no *mutual* mistake of fact, there could be no defense to the letter of the warranty she asserted.

As between plaintiff, Mrs. Humiston, and *Rogers,* however, it cannot now be disputed by any one of them that there was a mutual mistake sufficient to authorize a correction of the deed of 1919 and a denial of any liability upon the warranty of that deed as to the twenty-two feet, because, if there was no intention to convey, there could be none to warrant.

There is here no applicability of the rule of law asserted by respondent that one may be bound by his warranty as to known existing incumbrances or defects of title as declared in *Klippel v. Borngesser,* 177 Wis. 423, 426, 188 N. W. 654; *Bennett v. Keehn,* 67 Wis. 154, 161, 29 N. W. 207, 30 N. W. 112; *New York City v. New York & S. B. F. & S. T. Co.* 231 N. Y. 18, 26, 131 N. E. 554; and the many cases cited in note on p. 225, L. R. A. 1916 E (excepting such obvious easements as telephone lines, *Chandler v. Gault,* 181 Wis. 5, 12, 194 N. W. 33; or highways, *Kutz v. McCune,* 22 Wis. 628). Here, however, we have the exact opposite of that shown where such rule was applied, in that all the parties to the deed by *Rogers* in 1919 are now in solemn accord that there was no intention to warrant as to the twenty-two feet because of no intention to convey. The judgment, therefore, in the former case, disposing only of the issue of fact between Mrs. Olsen and her grantors, did not dispose of the issue here between her grantors and their grantor, *Rogers,* and is not binding on him.

There can therefore be no recovery by plaintiff against defendant *Rogers* on the claim here asserted upon the alleged breach of warranty.

There is no occasion or necessity for a reformation of the deed of 1919 as prayed for by defendant *Rogers* in his cross-complaint. The status of the title to the twenty-two feet is

finally and completely settled by the judgment in the former action (*Olsen v. Humiston,* 186 Wis. 70, 202 N. W. 160), and *Rogers* is not entitled to subject plaintiff to any costs in connection with such counterclaim.

*By the Court.*—Judgment reversed, with directions to dismiss the complaint. Respondent to pay the clerk's fees, no other costs to be allowed either party.