No. 18,200.

GEORGE E. MODDELMOG, ET AL. *v.* CHARLES COOK.

(330 P. [2d] 1113)

Decided October 20, 1958.    Rehearing denied November 17, 1958.

Mr. CHESTER A. BENNETT, for plaintiffs in error.

Mr. ALDEN T. HILL, Mr. RALPH H. COYTE, for defendant in error.

*En Banc.*

Mr. Justice Knauss delivered the opinion of the Court.

The parties will be referred to as they appeared in the trial court, where plaintiffs in error were plaintiffs and defendant in error was defendant.

Defendant listed his property known as "532 S. Taft Hill, together with all draperies" with the Fletcher Agency, a real estate broker in Fort Collins, Colorado. Dorothy Stone, a representative of the Fletcher Agency contacted plaintiffs and advised them that this property was for sale and solicited plaintiffs to purchase it. Following an inspection of the property plaintiffs made an offer on the property, and on July 17, 1956, an "Agreement to Purchase Real Estate" was executed by Fletcher Agency and approved by plaintiffs and Charles Cook, the defendant. In this contract the property was described as above; the purchase price was $15,000, of which amount plaintiffs paid $500, with the balance in cash "above the loan on day of possession or closing. The buyer to assume the balance of the loan in favor of Fort Collins Federal Savings & Loan." Defendant agreed to furnish an abstract of title. It also provided "Title shall be merchantable upon payment or tender as above provided and compliance with the other terms and conditions hereunder by purchaser, the seller (Cook) shall execute and deliver a good and sufficient Warranty Deed to said purchaser, conveying said property free and clear of all taxes, liens and encumbrances, except Northern Colorado Water Conservancy District. Possession to be given on or before Sept. 1, 1956." The agreement further provided that time was of the essence thereof and if the purchaser failed to perform the contract then it "shall be void and of no effect, and both parties hereto released from all obligations hereunder, and all payments made hereon be retained * * * as liquidated damages."

It was agreed that the title to said property stood in

the joint names of Charles S. Cook and Alma Cook, his wife, and that no abstract of title was ever tendered by defendant.

On August 11, 1956, plaintiffs notified defendant in writing that the premises described in the contract were subject to an "encumbrance, right-of-way and easement for an irrigation ditch over and across said premises," and demanded the return of the $500, paid on account of the purchase price. It was not denied that this easement existed.

Shortly after this demand by plaintiffs, defendant tendered to plaintiffs a deed signed by himself and his wife describing the property by metes and bounds, which deeded was dated "the ............ day of.................................... in the year of our Lord one thousand nine hundred and *August*." The deed purports to have been acknowledged by defendant and his wife on the "............ day of August, 1956." This tendered deed did not except the easement for the ditch.

Following demand by plaintiffs for a return of their down payment and refusal by defendant, the instant action was instituted. Among the allegations of the complaint was one which averred that Paul Hamilton and Lillian Hamilton, owners of property adjoining the Cook property have used said right-of-way and water through said ditch from the Highline ditch continuously since 1935, "a date prior to the conveyance aforesaid to defendants' predecessors" in title.

By way of answer defendant admitted that Paul and Lillian Hamilton have "used said right-of-way and water through said ditch and water from the High Line Ditch for some time, the exact period being unknown to defendant;" and further answering the defendant alleged that plaintiffs "* * * carefully examined the property * * * examined the ditch and were advised by defendant that the ditch might well remain in place forever." Later an additional and further defense was filed by defendant which in substance alleged that "* * * con-

veyance was to be made subject to right-of-way for ditch now located across this property, and the parties both intended that said contract should be made subject to said ditch right-of-way. That said contract should be reformed so that said conveyance would be made subject to ditch right-of-way. That deed has been tendered to plaintiffs in conformity with the actual contract as made between the parties and plaintiffs have failed and refused to accept said deed or pay the balance owing under said contract * * *."

Defendant prayed for a reformation of the contract to include the matters alleged in the further defense and for a dismissal of plaintiffs' complaint.

Trial was to the court which made findings as follows: "* * * that any failure of vendee to investigate the sigficance of said ditch was negligence on the part of said plaintiffs. Therefore the law will not allow the rescinding of a contract wherein there is a failure to investigate the legal significance of such facts."

The trial court further found that prior to the execution of the contract plaintiffs made a personal inspection of the property and observed a lateral ditch crossing said property; that no one "represented to plaintiff that said ditch would be removed within one year or within any time." The court found further that "through error and mistake in filling out the printed contract, there was omitted following the description of said property, the following phrase: 'Conveyance to be subject to easement for lateral ditch across said property.'"

As a conclusion of law the court determined that the contract should be so reformed, and "that the plaintiffs had no right in law or equity to rescind and cancel said contract," and adjudged and decreed that "the defendant have and retain the sum of $500.00 paid by plaintiffs under said contract as liquidated damages in accordance with the provisions therein." Plaintiffs bring the case here on writ of error.

This case is governed by *Eriksen v. Whitescarver,* 57 Colo. 409, 142 Pac. 413. It was there stated:

"The right of way for an irrigation ditch is an easement, and constitutes an incumbrance upon land subject to such easement. Plaintiff covenanted to convey her lots free and clear of such an incumbrance. The mere fact that defendant may have known of the existence of the ditch at the time she signed the contract did not relieve the plaintiff from complying with her convenant respecting the character of the title she agreed to convey. To produce such result there must, in addition to notice, have been at least something in the transaction to show that the parties intended the incumbrance should be excluded from the operation of this covenant. * * * To hold that defendant was thereby only protected against unknown defects would rob the covenant of its value, besides destroying the force of its language."

"A recorded plat dedicating portions of a tract of land to public use for streets and alleys constitutes a defect in title to the property for which vendees have a right to refuse performance of a contract of purchase and demand rescission of the contract." *White v. Evans,* 120 Colo. 200, 208 P. (2d) 922.

Reformation of a contract is permissible only where a mutual mistake is proved, and by the reformation the true intent of the parties will be expressed in the written instrument. Here there is no evidence of a mutual mistake. The contract of purchase and sale speaks for itself and when plaintiffs discovered the existence of the easement, they were justified in rescinding the contract and were entitled to a return of their down payment.

The mere fact that plaintiffs when inspecting the property stated that they could fence the ditch off so as to prevent their children from falling into it, was no indication that they intended to vary the terms of the written contract, or to accept a title subject to incumbrances other than those enumerated therein. The trial

court erred in holding that defendants were entitled to a reformation of the contract, which is complete and unambiguous.

The judgment of the trial court is reversed and the cause remanded with direction to enter judgment in favor of plaintiffs for $500.00 and interest from the date of their demand.