524 P.2d 629 (1974)
DOWNTOWN PARKING COMPANY, INC., Plaintiff-Appellee,
v.
Herman P. VORBECK, Defendant-Appellant.
No. 73-381.
Colorado Court of Appeals, Div. I.
July 2, 1974.
*630 Traylor, Palo & Cowan and Amos Raso, Grand Junction, for plaintiff-appellee.
Reams & King, Warren F. Reams, Grand Junction, for defendant-appellant.
Not Selected for Official Publication.
COYTE, Judge.
Herman P. Vorbeck appeals from a judgment entered against him in a suit by Downtown Parking, Inc., (Downtown) for breach of a covenant against encumbrances in a warranty deed. We affirm the decision of the trial court.
Vorbeck was the owner of certain improved real estate in Grand Junction, Colorado. The property was occupied by several businesses including Vorbeck's Sporting Goods, Inc., and a health food store operated by one Matteson. Matteson occupied the premises pursuant to a written lease executed on July 1, 1969, with a term extending until June 30, 1974, at a monthly rental of $75 per month.
After negotiations, Downtown entered into an option agreement whereby it agreed to purchase Vorbeck's property. The agreement provided, inter alia, that: "Possession shall be given upon agreement of parties or date of conveyance subject to existing rental and lease agreements." It further provided that: "Seller shall receive and may retain the rents from any other tenants that may be in the building at the date of closing or may become tenants during the period of this agreement."
On March 18, 1971, Vorbeck executed a warranty deed substantially in the form approved by C.R.S.1963, 118-1-13. That statute provides that by such a deed the grantor thereby covenants that the property is ". . . free and clear from all encumbrances, except as stated in the instrument.. . ." The sole exception stated in the instrument concerned taxes for the year 1971. Thereafter, Downtown's representatives learned of the Matteson lease. After negotiations with Downtown, Matteson, in exchange for a cash settlement of $2,600, executed a surrender of the lease whereby she agreed to vacate the premises in February 1972.
Downtown brought suit against Vorbeck for breach of the covenant against encumbrances in the warranty deed and sought damages of $2,600. At pre-trial conference, it was agreed that the court would make its determination on the basis of stipulated facts, depositions, pre-trial statements and briefs. Thereupon, the trial court ruled that the existing lease constituted an encumbrance which amounted to a breach of the warranty contained in the deed and that the option agreement was *631 merged into the deed. On appeal, Vorbeck contends that Downtown accepted the lease and that the option agreement was not merged into the warranty deed.
It is well recognized that the existence of a lease constitutes a breach of a covenant against encumbrances in a deed. See Evans v. Faught, 231 Cal.App.2d 698, 42 Cal.Rptr. 133; 7 G. Thompson, Real Property § 3183 at 277; 20 Am.Jur.2d Covenants § 89. This rule applies notwithstanding the fact that the purchaser has knowledge of the tenancy. Evans v. Faught, supra; Klippel v. Borngesser, 177 Wis. 423, 188 N.W. 654; see also Moddelmog v. Cook, 138 Colo. 152, 330 P.2d 1113.
In the instant case, the stipulated facts reveal that Downtown had knowledge of the occupancy at the time of the conveyance, but no knowledge that Matteson held under a written lease. When Downtown's representatives were informed of the lease, they protested to Vorbeck and began negotiations with Matteson which culminated in the settlement agreement. Such conduct does not manifest an acceptance of the lease. The fact that Downtown accepted rental payments does not bar an action for breach of the covenant against encumbrances. Musial v. Kudlik, 87 Conn. 164, 87 A. 551; Klippel v. Borngesser, supra. Accordingly, we conclude that the lease constituted a breach of the covenant against encumbrances and that Downtown was not precluded from bringing an action for damages.
The major thrust of Vorbeck's argument is that the trial court erred in its ruling that the option agreement was merged into the warranty deed. Vorbeck concedes that as a general rule the provisions of a contract for sale of real estate are merged into the deed. Westminster v. Skyline Vista Development Co., 163 Colo. 394, 431 P.2d 26. However, Vorbeck contends that the provisions concerning leases were collateral agreements in the antecedent contract which were not intended to be merged into the deed. In Westminster v. Skyline Vista Development Co., supra, our Supreme Court quoting from Urban Farms, Inc. v. Seel, 87 N.J.Super. 177, 208 A.2d 434, stated the test for determining whether there is a merger as follows:
"`This rule of merger satisfies and extinguishes all previous covenants which relate to or are connected with the title, possession, quantity or emblements of the land. Contemporaneously, those covenants in the antecedent contract which are not intended by the parties to be incorporated in the deed, or which are not necessarily satisfied by the execution and delivery of the deed, are collateral agreements and are preserved from merger. Dieckman v. Walser, supra [114 N.J.Eq. 382, 168 A. 582]; Deerhurst Estates v. Meadow Homes, Inc., 64 N.J.Super. 134, 165 A.2d 543 (App.Div.1960). The test herein is whether the alleged collateral agreement is connected with the title, possession, quantity or emblements of the land which is the subject of the contract.'"
In the instant case, the provisions of the option agreement concerning leases related to the title and possession of the property. Moreover, the record establishes that Downtown purchased the property with a design to raze the existing structure in order to provide parking facilities. Vorbeck was a stockholder in Downtown and engaged in extensive negotiations prior to the sale. We conclude from the facts found by the trial court that he knew or should have known the purpose for which the property was purchased. Thus, the trial court correctly ruled that the parties did not intend to prevent merger of the covenants concerning outstanding leases.
Finally, Vorbeck contends that the trial court erred in its award of damages. He correctly points out that the proper measure of damages for the encumbrance of an unexpired lease is the fair rental value of the property to the expiration of the term of the lease. Musial v. Kudlik, supra; Klippel v. Borngesser, supra; G. Thompson, Real Property § 3187 at 321. Here, Vorbeck was given an opportunity *632 to participate in the negotiations with Matteson, but he refused to do so. The case was tried on the assumption, acquiesced in by both parties, that in the event Downtown prevailed, the correct measure of damages was the amount paid in settlement of the leasehold held by Matteson. The final settlement was slightly in excess of the fixed rental value for the unexpired term, but the trial court found that $2,600 was reasonable and fair. Under such circumstances, Vorbeck cannot now claim that an erroneous measure of damages was utilized. Evans v. Faught, supra.
The judgment is affirmed.
PIERCE and SMITH, JJ., concur.