## Burgess v. Senior

*Reed & Ewing*, for plaintiff.
*Lawrence M. Sebring*, for defendant.

McCREARY, J., March 23, 1945.—On January 18, 1944, plaintiff filed a præcipe for summons in trespass and statement of claim against the above-named defendant, wherein he claims to recover property damages sustained as a result of a collision between an automobile owned by plaintiff, and operated by his son, and an automobile owned and operated by defendant, the collision being alleged to have taken place in the City of Beaver Falls, at the intersection of Third Avenue and Eleventh Street, on November 10, 1943.

Defendant, under the Act of April 4, 1929, P. L. 140, filed his affidavit of defense and counterclaim against plaintiff on February 4, 1944, wherein he denied negligence on the part of plaintiff, acting through his servant, agent, or employe, by reason of which defendant, John Senior, suffered personal injuries and sustained property damages.

The Act of April 4, 1929, P. L. 140, was an amendment to the Practice Act of May 14, 1915, P. L. 483, and made provision as follows:

"The defendant in such actions may, by affidavit of defense, in addition to denying negligence on his own part, allege negligence on the part of the plaintiff, and set up against the plaintiff, in the manner by this act prescribed, a claim for damages arising out of the same general circumstances upon which the plaintiff's claim is based, and both claims shall in the said cause be tried as one action."

The case came on for trial before the court and jury on October 17, 1944, and resulted in a verdict as follows:

"And now, to wit, October 19, 1944, we the jurors empaneled in the above-entitled case find a verdict in favor of the defendant, John Senior, and against the plaintiff, Leslie F. Burgess, in the original action, and a verdict in favor of Leslie Burgess and against John Senior in the cross action."

The prothonotary then taxed defendant, John Senior's, costs as per defendant's bill, which aggregated $46.74, against plaintiff, and on January 18, 1945, filed a motion in the prothonotary's office asking the court to enter judgment in favor of defendant, John ·Senior, and against plaintiff, Leslie F. Burgess, for the amount of defendant's costs as taxed. The motion was placed on the argument list on the same day and was duly argued before the court in banc on regular argument day.

In the meantime, on October 30, 1944, Leslie F. Burgess, the original plaintiff, who was defendant in the counter-claim, filed his bill of costs in the prothonotary's office in the amount of $19.74, and at the same time filed exception to John Senior's bill of costs, exception no. 5 reading as follows:

"5. John Senior is not legally entitled to recover his costs against Leslie F. Burgess."

The principal question involved is identical with the question raised in Stahl et al. v. Erie Delivery Co., 31 D. & C. 429, and may be stated as follows:

"Is a defendant entitled to recover costs from a plaintiff where defendant failed to recover on his counter-claim, although successful in defending against plaintiff's suit?" The answer is "yes".

In the case of Stahl et al. v. Erie Delivery Co., supra, after reviewing the history of the statutes governing the recovery of costs in Pennsylvania the court concluded (p. 437) :

"Taking into consideration the acts of the legislature, hereinbefore referred to, the decisions of the courts pertaining thereto, and the fact that the Act of April 4, 1929, P. L. 140, provides that both claims in the said cause shall be tried as one action, the further fact that the claims were tried as directed by the act and that plaintiffs, the aggressors in the litigation, failed to prevail against defendant, we are compelled to sustain the action of the prothonotary" (in taxing defendant's costs).

By the same reasoning and authority we have concluded that the prothonotary acted properly in taxing defendant's costs in the instant case, and that the motion of defendant to have the court enter judgment in favor of defendant, John Senior, and against plaintiff, Leslie F. Burgess, for the amount of defendant's costs as taxed and shown by the record must be granted. The proper practice would have required defendant to cause a rule to be issued by the prothonotary directed to plaintiff requiring him to show cause why the court should not direct the entry of such a judgment (15 Standard Pa. Practice 524), but we are treating the motion as a rule to show cause, just as if it had been made, and we are making the rule absolute.

Under no statute in force in Pennsylvania, nor under any decision which we can find or which has been called to our attention, is plaintiff entitled to recover his costs. He instituted the action and failed to prevail before the jury. No authority need be cited for this conclusion. It is true that no exceptions were filed to plaintiff's bill of costs by defendant, but the matter was presented to court and argued as if there had been, and we have concluded that they should be stricken from the record, and we now so order. The taxation of costs is a ministerial act, performed by the prothonotary, which in no way determines who is liable to pay the costs: Persch v. Quiggle, 57 Pa. 247. It is the duty of the court to determine who is liable. We have determined that defendant is not liable.

There appears to be some confusion in the minds of counsel as to the proper procedure to be followed in cases (1) where there is a question as to the legality of the taxation of any costs whatsoever, and (2) where a party objects or excepts to the amount of the costs by reason of the number of days charged for a particular witness, or the amount charged for mileage, or a question as to whether a particular witness was a material witness, or whether he was in court, or otherwise. We

take it that if the objection is as to the legality of the taxation of any costs, as in the case at bar, the proper procedure is to file the bill of costs, have them taxed by the prothonotary, and then file a motion for a rule to show cause why a judgment should not be entered thereon by the court. If the objection falls within any of the reasons enumerated under (2) above, after the bill of costs has been filed and taxed by the prothonotary, exceptions are filed by the adverse party, he having first been served with notice of the taxation of the costs, and as part of his bill of exceptions he enters a rule to have the costs retaxed by the prothonotary, and on the return of the rule, appeals from the protohonotary's decision, if not satisfied with the adjudication, filing specifications of objections, verified by affidavit unless they depend on matters of fact of record. After an appeal has been decided by the court, it is the duty of the prothonotary to retax the costs: see, generally, 15 Standard Pa. Practice, 523 to 534. In this regard our Rule of Court 109 provides as follows:

"Rule 109. All bills of costs shall be accompanied by an affidavit of their correctness, that the witnesses were actually present in court when required, of the necessity of the number of witnesses in attendance and their materiality, and shall be filed in the prothonotary's office and notice of such filing given to the opposite party or his attorney of record. If exceptions to said costs, stating in detail the grounds of such exceptions, supported by affidavit, be filed within ten days after said notice the prothonotary shall forthwith designate a time, not more than ten days distant, for a hearing, and give written notice thereof to both parties or their attorneys. On such hearing such testimony shall be taken as the parties or either of them shall produce, and thereupon the prothonotary shall determine the facts and tax the bill in accordance therewith, subject to an appeal to the court within ten days, and notice of his determination of the matter shall be immediately

given by him to the parties or their attorneys of record. If an appeal be taken from the taxation made by the prothonotary, he shall make and file a written statement of all the facts involved, and place the case at once on the argument list, and the court will hear and decide the case on such statement. But no appeal from the taxation shall stay execution, or prevent the collection of the debt or of the costs not in controversy. Bills of cost for each term shall be filed within thirty days after the cause has been tried, continued or otherwise disposed of."

We therefore make the following

### Order

Now, to wit, March 23, 1945, the rule for judgment for costs, as taxed by the prothonotary, for the defendant, John Senior, is made absolute, and the prothonotary is directed to enter an order striking from the record the costs taxed for plaintiff.