OPINION OF THE COURT
NYGAARD, Circuit Judge.
This appeal arises from the January 18, 2008 judgment of the District Court resolving a dispute over title to a strip of land bordering on, and land beneath, a lake in Pennsylvania. Because our opinion is wholly without precedential value, and because the parties and the District Court are familiar with its operative facts, we offer only an abbreviated recitation to explain why we will affirm the judgment of the District Court.
Both parties, appellants Lori Dring and Nancy Asaro (“Dring”), and appellee Ariel Land Owners, Inc., assert chains of title which allegedly give them rights to the same strip of land bordering a lake. Ariel’s ownership of the lake is also at issue. This case is unique and complex because of attenuated chains of title. Additionally, the property lines depend to some degree on the water line of the lake, which fluctuates seasonally between 1423.5 feet to 1425.9 feet above sea level by operation of a man-made dam at the end of the lake.
I.
Dring first claims that the District Court was compelled to grant a Rule 52(c) motion to dismiss the case at the close of Ariel’s case-in-chief. Dring argues that Ariel did not provide sufficient evidence to describe and prove the boundaries of the land claimed. Rule 52(c) clearly gives the court broad discretion on the timing of its judgment. We disagree that the District Court was under any such compulsion to rule before it heard all of the evidence from both parties. Given the complexity of this case and the intricate analysis of evidence required here, the District Court was well within its discretion to deny the Rule 52 motion to dismiss at the close of Ariel’s case-in-chief.
Similarly, we do not find any merit in Dring’s assertion that the District Court was required to insert two of its factual findings into the judgment that it issued. Dring initially complains that the judgment should have stated that Ariel did not own the lake by deed. The issue at bar, however, was title to the lake. The District Court found that Ariel’s ownership of the lake could not be established by record title, but could be found on the basis of adverse possession. Accordingly, the Court rendered judgment, stating: “Judgment be and hereby is entered in favor of Ariel Land Owners, Inc. and against Lori Dring and Nancy Asaro as to title by adverse possession of Lake Ariel and Mud Pond to a level of 1423.5 feet above sea *349 level.” This language definitively resolves the issue at bar. Therefore the District Court properly denied Dring’s Motion seeking emendation of the judgment.
Similarly, Dring complains that the judgment should specifically detail the low water level as 1423.5 feet above sea level, and the high water level as 1425.9 feet above sea level. The judgment states:
Judgment be and hereby is entered in favor of Lori Dring and Nancy Asaro and against Ariel Land Owners, Inc. as to record title of the South Strip of 2.4 feet, the difference between the natural water level of Lake Ariel and Mud Pond, and the high water mark of same.
The judgment also concludes: “Judgment be and hereby is entered in favor of Ariel Land Owners, Inc. and against Lori Dring and Nancy Asaro as to a prescriptive easement in the South Strip of 2.4 feet to a level of 1425.9 feet above sea level.” We find these statements to be sufficiently clear. The District Court did not err in denying Dring’s motion to reconsider.
Next, Dring challenges the District Court’s ruling that gave ownership of the land under the lake to Ariel on the basis of adverse possession. They claim that, since a prior settlement reduced the claims at trial to Count I of the amended complaint, the District Court was limited to the issue of whether the deed proffered by Ariel was proof of their ownership of the land underneath the lake. Their characterization of Count I is simply incorrect.
Although Ariel explicitly noted its possession of a deed that, it maintained, proved its ownership, Ariel also contended that it has been “in actual possession of and has exercised dominion and control over the entire body of water commonly known as Lake Ariel and Mud Pond....” Moreover, in Count I, Ariel sought an order giving it “fee simple title to the property,” and it also requested “such other and further orders as are necessary for the granting of proper relief to [Ariel] herein be made as the case may require or as the court may deem proper.” As Dring concedes in the brief, “a court is not limited to granting relief to a party solely on the basis of theories of recovery set forth in the pleadings.” We find that Count I was sufficiently broad to place Dring on notice that adverse possession was a possible means by which Ariel would assert title to the land under the lake in Count I. The District Court properly considered and rendered judgment on this basis.
Dring also challenges the substance of the District Court’s adverse possession ruling. The District Court concluded that, since 1964, Ariel maintained actual, continuous, exclusive, visible, notorious, distinct and hostile possession of the land under the lake. The District Court cited primarily to undisputed evidence that, throughout this time, Ariel controlled the water level of the lake by operating a dam that seasonally raised and lowered the water by roughly 2.4 feet. The District Court also took note of evidence that Ariel had the reputation among residents at the lake of being the owner of the lake. The District Court rejected this evidence as proof of its ownership of the strip of land that was seasonally flooded, but stated that the testimony was convincing on the issue that Ariel controlled the water level “legitimately.” We do not find any error in either finding.[1]
*350 Moreover, Dring has not produced, nor did our own research reveal any controlling state precedent on point that would undermine the District Court’s legal conclusion on adverse possession. Dring’s reference to Costello v. Harris, 162 Pa. 397, 29 A. 874 (1894) is misplaced. This case actually supports the District Court’s finding that Ariel did not own the disputed strip of land, but that it did have a prescriptive easement by virtue of the seasonal flooding. Costello is silent on whether the continuous control of the water level of a lake constitutes evidence of adverse possession of the land beneath the lake.[2] For these reasons, we find that the District Court properly concluded that Ariel held title to the land under the lake by adverse possession.
Petitioner next challenges the District Court’s ruling that a body of water referred to as “Mud Pond” was distinct from Lake Ariel. As a factual matter, the District Court concluded that their assertion of a separate body of water is unsupported in any of the relevant deeds in the chains of title submitted by the parties. Moreover, our review of the record makes it obvious that the District Court employed considerable effort in culling through a wide array of evidence, including an on-site boat tour.
Although the classification of a body of water is a mixed question of fact and law, the weight of the decision on this issue is factual. Accordingly, we give great deference to the District Court’s conclusion in this regard. We have not found any evidence that would lead us to conclude that the District Court misperceived the record or improperly applied the law in reaching its judgment, and on this basis we conclude that the District Court did not err.
Finally, with regard to an easement held by Dring to the lake, the District Court properly concluded that record evidence is simply insufficient to support such a claim.
II.
With regard to Ariel’s cross appeals, we do not find any merit in then-assertions. The District Court properly concluded that Ariel’s ownership of land underneath the lake did not extend beyond the lowest water level of 1423.5 feet. We do not find any evidence to compel a different factual conclusion from that reached by the District Court concerning the lack of proof of ownership of this strip of land in the chains of title presented to the court. Additionally, as we noted earlier, Pennsylvania precedent makes it clear that occasional intentional flooding of certain property is not, of itself, sufficient to establish ownership of that property. Costello, 162 Pa. 397, 29 A. 874. We also cannot stretch the reputational evidence to suffice as proof of ownership. For these reasons, we do not find any error in the District Court’s decision.
We also agree with the District Court that, beginning with the deed to Joel Jones, dated January 21, 1862, it is clear *351 that the strip of land that is the subject of the present litigation was reserved to Edward W. Weston, and that ownership of this strip can be traced to the deed held by Dring and Asaro. Accordingly, the District Court did not err in concluding that Dring and Asaro hold, by record deed, title to the disputed strip of land between the high and low water marks of the lake.
III.
For the reasons stated above, we will affirm the judgment of the District Court.

. Dring and Asaro point to testimony by Ariel's lake manager that his activity dated only to 1989, and also to his statements that Ariel did not ever believe it owned the body of water known as "Mud Pond.” However, the record demonstrated Ariel’s control of the water level for seventy-six years. Moreover, the District Court's ruling that Lake Ariel and Mud Pond were one body of water eliminates *350 the significance of testimony focused upon that portion of the lake.

. Similarly, Dring and Asaro's reference to Miller v. Lutheran Conference & Camp Ass'n, 331 Pa. 241, 200 A. 646 (1938); Camp Chicopee v. Eden, 303 Pa. 150, 154 A. 305 (1931); Shaffer v. Baylor’s Lake Ass’n, 392 Pa. 493, 141 A.2d 583 (1958); and Loughran v. Matylewicz, 367 Pa. 593, 81 A.2d 879 (1951) are unavailing because all of them focus upon fact patterns of "occasional use” of property. While Flickinger v. Huston, 291 Pa.Super. 4, 435 A.2d 190 (1981) involves more than occasional use, it is distinguished by its focus upon landed property. Continuous control of the water level of an entire lake is qualitatively distinct.