NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-2073 & 19-3582
_____

MAJORIE M. GILLESPIE;
THOMAS J. GILLESPIE, JR., Thomas J. Gillespie, Jr. Revocable Trust;
Majorie M. Gillespie Revocable Trust;
MARIE BARGE; JOHN T. NALEVANKO; KATHRYN D. NALEVANKO; JAMES
KEEGAN;
JOSEPH KEEGAN; MICHAEL KEEGAN; PATRICK KEEGAN; ROBERT KEEGAN;
ANTHONY LABORANTI, JR.; CAROL A. LABORANTI;
WILLIAM J. HINZ, Trustee for Barbara Hinz, Jacob Hinz and Jacqueline Shaw;
TERRENCE J. DEMPSEY, Trustee for Terry Dempsey, Joan Dempsey,
Jeffrey Dempsey, Christine Kisel and Jennifer O'Shea; JEFFREY DEMPSEY;
CHRISTINE WEST; JENNIFER O'SHEA; JOAN DEMPSEY,
Trustee for Terry Dempsey, Joane Dempsey, Jeffrey Dempsey,
Christine Kisel and Jennifer O'Shea; FRANK R. PENETER;
SHARON D. PENTER; MARK J. ALBERT; DAWN H. ALBERT;
KATHLEEN DEMPSEY; GERARD P. DEMPSEY; ROBERT N. DEMPSEY;
ROBERT M. KARUZIE, SR.; FREDERICK MITCHELL; GREG POTOCHNICK;
ALLAN L. TADDER; JUDITH TADDER; PETER DICENSO;
LEE CONABOY DICENSO; LOUIS CROCE; LORI ANN GIAMMARUSCO;
CATHY LOUISE WALKER; WILLIAM T. TAYLOR,
Executor of the Estate of Robert Taylor; JEFFREY BARONE;
MARILEE BARONE; DAVID NATHAN MCILNAY;
STEPHEN CRESSWELL MCILNAY; DANIEL D. CAPOZZI;
CHRISTOPHER S. CAPOZZI; MARK W. CAPOZZI; PETER M. CAPOZZI;
ELIZABETH A. HEALEY; MARY SARAH MASTRI; H. SARA MASTRI;
RONALD SMITH; ALLAN D. BIRNEY; LYNN W. BIRNEY;
GCR LAKE ARIEL LLC, c/o J. Conrad Bosley; GEORGE W. WHITEHOUSE;
JESSICA FAUX; CECELIA ALTIER; BRIAN JAMES GREGORY;
SCOTT GREGORY; MICHAEL S. KWIATEK; SUSAN H. KWIATEK;
HENRY R. LEMPICKY; CYNTHIA LEMPICKY; RICHARD J. REDLING;
JOAN C. REDLING; MONA H. BARBA; JOHN J. ELTRINGHAM;
SANDRA L. ELTRINGHAM; ROBERT M. GILROY; JEAN ANN GILROY;
MICHAEL MERRICK; WILLIAM EAGAN, Trustee of the Kelly Family Trust;

MARY ELIZABETH EMMEL, Trustee of the Kelly Family Trust;
THOMAS P. JACKOVICS; JUDITH M. JACKOVICS; MARGARET KELLY,
Trustee for Edward, Elizabeth, Thomas and Frank Kelly; FLORENCE KELLY;
LAKE ARIEL FAMILY PARTNERSHIP, LP, c/o Bill Schautz; MATTHEW DRACE;
JONATHAN S. CHERNES; RICHARD C. MERRITT; LISA MERRITT;
SUSANNAH MERRITT; ANN STOODLEY-TEETS;
CAROL STOODLEY-RICHARDS; MARY ELLEN STOODLEY-KENNEDY;
JAMES L. RICHARDS; GRACE E. MERRITT; AMY MERRITT EASTON;
CYNTHIA MERRITT-FISHER; STEPHEN D. MERRITT;
MARTHA MERRITT-SHUGRUE, Trustee of Stoodley Merrit Revocable Trust;
RICHARD GAYLORD; MICHAEL KRAWCZYK; DEBORAH KRAWCZYK;
WILLIAM A. ALBRIGHT; WILLIAM W. ALBRIGHT; HAI Y. WANG;
CHAUN ZHANG; TIMOTHY CLAUSS; ROSANNE CLAUSS; DAVID D. CLAUSS;
REGINA M. CLAUSS; STEVEN KOWALCZYK; KAREN BARILLO;
MICHAEL MALAKIN; BARBARA GUTT; THEODORE E. MALAKIN;
LINDA J. MALAKIN; ERIK J. GUTT; MATTHEW M. GUTT;
GENEVIEVE G. SAYLOR; PETER LOMBARDI; *ROBERT J. CLAUSS;
HELEN B. SCOTT; DALE QUAYLE;
MARGARET QUAYLE; CHRISTIAN WOEHRLE,
Appellants

v.

LORI DRING; NANCY ASARO

*(DISMISSED PURSUANT TO THE CLERK ORDER OF 1/6/22)
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-00950)
Honorable A. Richard Caputo, U.S. District Judge
_____

No. 20-2080
_____

LORI DRING; NANCY ASARO,
Appellants

v.

2

ARIEL LAND OWNERS, INC.

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-15-cv-00478)
Honorable John E. Jones III, U.S. District Judge

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on May 25, 2022

Before: KRAUSE and PHIPPS, *Circuit Judges*, and STEARNS,[*] *District Judge*.

(Opinion filed:  May 31, 2022)

_____

OPINION[†]

_____

KRAUSE, *Circuit Judge*.

Lori Dring and her sister Nancy Asaro (collectively, "Dring") and a group of property owners known as the West Shore Property Owners (the "Property Owners") appeal the District Court's decisions in two separate but related cases awarding their opponents attorneys' fees under the terms of a 2006 Settlement Agreement.  The Property Owners further appeal the District Court's decision granting Dring summary judgment on their claim for breach of that agreement.  Because the District Court did not err in its

_____

[*] Honorable Richard G. Stearns, United States District Court for the District of Massachusetts, sitting by designation.

[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

interpretation of the Settlement Agreement or abuse its discretion in awarding attorneys' fees, we will affirm.

## I.      Background[1]

This case stems from a decades-old dispute over property rights at Lake Ariel, in Wayne County, Pennsylvania. *See Dring v. Ariel Land Owners, Inc.*, 782 F. App'x 133 (3d Cir. 2019); *Ariel Land Owners, Inc. v. Dring*, 374 F. App'x 346 (3d Cir. 2010). Previous litigation between the parties ended in a partial settlement, and these appeals arise out of purported violations of that Settlement Agreement. ***See Gillespie* App. 86–90.** In the *ALO* action, Dring sued Ariel Land Owners ("ALO") alleging that it violated the settlement by failing to deliver a permanent easement over a parcel of land called Cardinal Lane, ***ALO* App. 49a–56a,** while in the *Gillespie* action, the Property Owners sued Dring alleging that Dring failed to grant them an easement over a piece of land called the West Shore Strip and seeking a ruling that they held a prescriptive easement over that land**, *Gillespie* App. 48–74**. ALO asserted a counterclaim against Dring for a purported breach of the Settlement Agreement and Dring asserted a counterclaim against the Property Owners alleging trespass for their continued use of the West Shore Strip to access Lake Ariel. ***ALO* App. 67a–68a; *Gillespie* App. 399–401.**

---

[1] For the convenience of the reader, the appendix and briefing in *Gillespie v. Dring et al.*, Nos. 19-2073 and 19-3582, is cited as: *Gillespie* Opening Br., *Gillespie* Answering Br., *Gillespie* Reply Br., and *Gillespie* App. The appendix and briefing in *Dring v. Ariel Land Owners Inc.*, No. 20-2080, is cited using the same convention, substituting "*ALO*" for "*Gillespie*."

In the *ALO* action, the District Court granted summary judgment to ALO on Dring's breach of contract claim, granted summary judgment to Dring on ALO's counterclaim, and awarded ALO attorneys' fees under the Settlement Agreement. ***ALO* App. 9a–10a; *ALO* App. 107a; *Dring*, 782 F. App'x at 134–35.** Meanwhile, in the *Gillespie* action, the District Court granted summary judgment to Dring on the Property Owners' claims, approved a joint stipulation dismissing Dring's counterclaim without prejudice, and awarded attorneys' fees to Dring under the Settlement Agreement. ***Gillespie* App. 10–11, 45.** Dring now appeals the District Court's decision to award attorneys' fees to ALO, and the Property Owners appeal the District Court's decision to grant Dring summary judgment and attorneys' fees. ***ALO* App. 1; *Gillespie* App. 12, 46.** For the reasons discussed below, we will affirm.

## II.    Discussion

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction under 28 U.S.C. § 1291.[2]

---

[2] Although Dring's counterclaim was voluntarily dismissed without prejudice in the *Gillespie* action, and we generally do not consider such a dismissal to be a "final decision" within the meaning of 28 U.S.C. § 1291, there is no attempt here to manufacture appellate jurisdiction to "obtain review of [an otherwise] interlocutory ruling." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 246 (3d Cir. 2013). Rather, the District Court granted summary judgment to Dring on the Property Owners' claim, and that decision—not an otherwise unreviewable interlocutory order—is now before us on appeal. *See Trevino-Barton v. Pittsburgh Nat'l Bank*, 919 F.2d 874, 878 (3d Cir. 1990). Thus, "denial of relief and dismissal of the case ended this suit so far as the District Court was concerned," and we therefore agree with the parties that "dismissal . . . without prejudice to filing another suit does not make [this] cause unappealable." *United States v. Wallace & Tiernan Co.*, 336 U.S. 793, 794 n.1 (1949).

a.  *Attorneys' Fees*[3]

In the *ALO* action, Dring argues that the District Court erred by determining that ALO was a "prevailing party" and entitled to attorneys' fees under Section 14 of the Settlement Agreement (the "Attorney Fee Provision") because ALO's counterclaim was unsuccessful,[4] and in the alternative, that even if ALO was the prevailing party, the District Court nevertheless abused its discretion because it was unreasonable to award attorneys' fees in connection with work expended on an unsuccessful counterclaim.  ***ALO* Opening Br. 12–26; *ALO* Reply Br. 1–8.**

Under Pennsylvania law, settlement agreements are enforced in accordance with principles of contract law, *see Krebs v. United Refin. Co. of Pa.*, 893 A.2d 776, 783 (Pa. Super. Ct. 2006), and so we look to the plain and ordinary meaning of the Attorney Fee Provision to discern the intent of the parties, *Gustine Uniontown Assocs., Ltd. v. Anthony Crane Rental, Inc.*, 892 A.2d 830, 837 (Pa. Super. Ct. 2006).  Section 14 of the Settlement Agreement provides that:

> The United States District Court for the Middle District of Pennsylvania shall have exclusive jurisdiction over any action or proceeding involving the interpretation or breach of this Agreement, and the parties hereto submit to the personal jurisdiction of such Court.  The prevailing party in any such

---

[3] We exercise plenary review in deciding whether the District Court applied the proper legal standard to its award of attorneys' fees, and we review the reasonableness of that fee award for abuse of discretion.  *McKenna v. City of Philadelphia*, 582 F.3d 447, 455 (3d Cir. 2009).

[4] In the *Gillespie* action, Dring takes the opposite position:  She defends the Court's decision to award her attorneys' fees as the prevailing party despite advancing an unsuccessful counterclaim.  ***Gillespie* Reply Br. 34–39.**

> action shall be entitled to recover reasonable attorney's fees
> from the other party.

*ALO* App. 45a. The Settlement Agreement does not contain a definition of the term "prevailing party," but the Pennsylvania Superior Court has explained that it is "commonly defined as 'a party in whose favor a judgment is rendered, regardless of the amount of damages awarded.'" *Profit Wize Mktg. v. Wiest*, 812 A.2d 1270, 1275 (Pa. Super. Ct. 2002) (quoting *Party*, Black's Law Dictionary (7th ed. 1999)). Here, there is no doubt that ALO is the prevailing party with respect to the "action" initiated by Dring because the Court "enter[ed] judgment in [ALO's] favor" on those claims. *Id.* at 1276.

Nevertheless, Dring attempts to introduce ambiguity into the Attorney Fee Provision by arguing that her victory on ALO's compulsory counterclaim prevents ALO from qualifying as a prevailing party for the purposes of the Settlement Agreement.[5] **ALO Opening Br. 12–26; ALO Reply Br. 1–8.** But this would frustrate the parties' intent, which was to shift the burden of litigating a claim for breach of contract away from the party ultimately found to be in compliance with the agreement, *see* James W. Moore et al., *Moore's Federal Practice* § 54.171[1][a] (3d ed. 2022) **("It is common, however, for parties entering into contracts to provide that in any litigation arising from the contract, the winning litigant will be entitled to collect the attorney's fees incurred in enforcing the contract."),** and not to force a defendant to either forfeit a compulsory

---

[5] A compulsory counterclaim is one that arises "out of the same 'transaction or occurrence'" that is the subject matter of the claim asserted in the complaint. *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 (3d Cir. 2011) (quoting Fed. R. Civ. P. 13(a)(1)(A)).

7

counterclaim or risk forfeiting attorneys' fees, leading to gamesmanship plainly not contemplated by the Settlement Agreement. ***ALO* App. 45a.**

This basic principle is reinforced by myriad cases addressing the ability of courts to award costs and attorneys' fees to litigants as prevailing parties even when those litigants advanced unsuccessful counterclaims. For example, under Pennsylvania law, where "the law requires that the case shall be tried in one action," *Nash v. Raun*, 67 F. Supp. 212, 215 (W.D. Pa. 1946), as with ALO's compulsory counterclaim, the "defendant is entitled to recover costs from the plaintiff where defendant failed to recover on its counterclaim, although successful in defending against plaintiffs' suit," *Stahl v. Erie Delivery Co.*, 31 Pa. D. & C. 429, 430 (Pa. Ct. Com. Pl. 1937); *Burgess v. Senior*, 54 Pa. D. & C. 167, 169 (Pa. Ct. Com. Pl. 1945). Similarly, in assessing prevailing party status under Federal Rule of Civil Procedure 54(d)—which, like the Attorney Fee Provision, uses the term "prevailing party"—we examine whether the defendant advanced counterclaims that are related in some way to the main complaint or require proof outside the scope of the plaintiff's claims. *See, e.g.*, *Hubner v. Schoonmaker*, No. 89-cv-3400, 1993 WL 273689, at *3–4 (E.D. Pa. July 20, 1993); *Lacovara v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 102 F.R.D. 959, 961 (E.D. Pa. 1984); *see also* 10 James W. Moore et al., *Moore's Federal Practice* § 54.101[3] (3d ed. 2022).

Here, ALO's counterclaim was nearly identical to its affirmative defense to Dring's claim for breach of the Settlement Agreement, ***ALO* App. 67a–68a; *Dring*, 782 F. App'x at 134–35,** so "the law requires" that the claim and counterclaim "shall be tried in one action." *Nash*, 67 F. Supp. at 215. Accordingly, the District Court did not err in concluding

8

that ALO was the prevailing party because it was "successful in defending against plaintiffs' suit" even though it "failed to recover on its counterclaim." *Stahl*, 31 Pa. D. & C. at 430. For these same reasons, the District Court did not err in concluding that Dring was a "prevailing party" under the Attorney Fee Provision despite failing to succeed on her compulsory counterclaim for trespass over the West Shore Strip in the *Gillespie* action. *Gillespie* **App. 17–19.**

Dring contends in the alternative that the District Court abused its discretion by awarding attorneys' fees to ALO for work expended on its unsuccessful counterclaim. But where, as here, claims involve "a common core of facts or [are] based on related legal theories," the success *vel non* of a counterclaim "is not a sufficient reason for reducing a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). Because ALO's counterclaim arose out of the same transaction and occurrence as Dring's claim, we cannot say that the District Court abused its discretion in awarding fees for work expended on the counterclaim.

In sum, the District Court did not commit legal error in determining prevailing party status under the Settlement Agreement in either the *ALO* or *Gillespie* actions, nor did it abuse its discretion in awarding fees in connection with the unsuccessful counterclaim in the *ALO* action, so we will affirm.

> b. *Summary Judgment*[6]

In the other claim before us, the Property Owners challenge the District Court's holding that Dring was not required to grant them an easement over the West Shore Strip

---

[6] Our review of a district court's order granting summary judgment is plenary, *Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 418 (3d Cir. 2013), and we apply

because her performance under that provision of the Settlement Agreement was never triggered due to ALO's failure to deliver the Cardinal Lane easement. **_Gillespie_ Opening Br. 20–24; _Gillespie_ App. 4–6.** Because the District Court properly interpreted the contract and ALO indisputably failed to deliver Cardinal Lane, the Court did not err in granting Dring summary judgment.

The Property Owners contend that Dring had a "duty" under the Settlement Agreement to deed the West Shore Strip easement to them, _Gillespie_ Reply Br. 10, but as the attorney for ALO and the Property Owners testified, the parties' intent was not that Dring grant an easement directly to the Property Owners. **_Gillespie_ App. 468, 933.** Rather, as the record conclusively demonstrates, the parties intended that: (i) Dring deed a portion of the West Shore Strip to ALO in a quitclaim deed, (ii) the quitclaim deed would be subject to an easement in favor of the Property Owners, and (iii) the quitclaim deed and easement were to be conveyed together in the same document. **_Gillespie_ App. 4–6, 468, 933.** And there is no disputed issue of fact as to whether the parties intended for ALO and Dring to exchange the quitclaim deed and Cardinal Lane easement simultaneously. Instead, as the attorney for ALO and the Property Owners admitted, the agreement "provides that the parties were to exchange the deeds and instruments provided for in the Settlement Agreement at the same time." _Gillespie_ App. 468**; _see id._ at 933**.

Because the exchange between Dring and ALO was to be simultaneous, ALO's performance was a condition precedent to Dring's performance, meaning that Dring was

the same standard, viewing the facts and making all reasonable inferences in the non-movant's favor, _Hugh v. Butler Cnty. Fam. YMCA_, 418 F.3d 265, 266–67 (3d Cir. 2005).

not under any obligation to deed a portion of the West Shore Strip to ALO, nor grant an easement to the Property Owners, absent ALO's performance or offer to perform. *See Johnson v. Hopwood*, 20 A. 630, 631 (Pa. 1890); Restatement (Second) Contracts § 238 cmt. a (Am. L. Inst. 1981). ALO never performed or offered to perform because it lacked title to Cardinal Lane, so Dring's "duty" to deliver a quitclaim deed to ALO (containing an easement in favor of the Property Owners) never arose.

The Property Owners contend that they should not be punished simply because ALO lacked title to Cardinal Lane. ***Gillespie* Opening Br. 23–24.** But Dring's only obligation to the Property Owners under the Settlement Agreement was to release her claims against them in exchange for their reciprocal release of claims, which she did by dismissing her claims. ***Gillespie* App. 8, 88–89.** While the Property Owners appeal to the principles of equity, ***Gillespie* Reply Br. 18–19,** we cannot, as Judge Caputo succinctly explained, "rewrite the agreement to shift the forfeiture from the Property Owners to Dring when ALO is the only party in breach." *Gillespie* App. 6. Because there is no disputed issue of material fact that Dring's obligation to grant the Property Owners an easement over the West Shore Strip was contingent on ALO's performance, we will affirm.[7]

---

[7] Conceding that this argument was forfeited because it was not raised below, the Property Owners nevertheless ask us to hold, for the first time on appeal, that the Settlement Agreement grants them an easement over the West Shore Strip as a matter of law. ***See Gillespie* Reply Br. 5–9.** We decline to consider this because no "exceptional circumstance[]" requires us to consider this otherwise forfeited argument. *Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 147 (3d Cir. 2017). While we agree with the District Court that the plain language of the Settlement Agreement released the Property Owners' prescriptive easement claim, ***see Gillespie* App. 88,** the District Court was never asked to consider, nor did it decide, whether Dring, in the Settlement Agreement,

## III. Conclusion

For the foregoing reasons, we will affirm the District Court.

---

released future trespass claims against the Property Owners. ***See Gillespie* App. 6–9.** We leave it for a trial court to consider these issues in the first instance.